27328. HALLMARK PROPERTIES, INC. v. SLATER.

JORDAN, Justice. Slater commenced an action in his behalf and for others in Fulton Superior Court in 1971 against Hallmark Properties seeking injunctive relief in respect to the sale or use of a tract of property owned by Hall-

mark, including a lake, except for recreational purposes as represented to Slater and other purchasers of lots in Summergate Estates in DeKalb County. Hallmark appeals and asserts error on an order overruling a motion to dismiss for improper venue and an order temporarily enjoining the defendant pending final trial. *Held:*

1. The complaint should have been dismissed for improper venue.

Article VI, Section XIV, Paragraph III of the Constitution (*Code Ann.* § 2-4903) fixes venue in equity in the county where the defendant resides against whom substantial relief is sought. Under the 1968 Georgia Business Corporation Code each corporation is required to maintain in this State a registered office and one or more registered agents thereat, and the Secretary of State is required to maintain current records of this information. § 22-401. The corporation may make changes by filing a statement with the Secretary of State, or by showing the change in its annual report filed with the Secretary of State. § 22-402. For determining venue the corporation is deemed to reside in the county where it maintains its registered office. § 22-404 (b). As an alternative, an action may be brought in a county where the corporation maintains its principal office "under the prior general corporation law." § 22-404 (d).

The petition does not purport to allege the residence of the defendant, but designates Richmond County for service of process. The defendant in its motion to dismiss alleged that it is a resident of Richmond County. The evidence of statements on file in the office of the Secretary of State for 1969 (as required under § 22-1502 of the 1968 statute, supra), 1970, and 1971 designate Augusta, and therefore Richmond County, as the location of the defendant's registered office and agent. The 1969 statement also designates Decatur, and therefore DeKalb County, as the the location of its principal office.

The above evidence is uncontradicted, although it does appear that the petition for incorporation in 1964 in Fulton

Superior Court designated Fulton County as the location of the principal office. The corporation was created in 1964 as Mulherin Homes, Incorporated, and the name was changed in 1969 to Hallmark Properties, Incorporated.

There is no evidence to disclose that the corporation had an office or agent in Fulton County at the times here involved.

2. In view of the improper venue it follows that it was error to grant temporary injunctive relief pending final trial.

*Judgment reversed. All the Justices concur.*
ARGUED JULY 11, 1972—DECIDED SEPTEMBER 7, 1972.

*McClain, Mellen, Bowling & Hickman, A. O. Bracey, III, Arthur Gregory,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, John A. Howard,* for appellee.