## 50026. DAVENPORT v. PETROLEUM DELIVERY SERVICE OF GEORGIA, INC.

BELL, Chief Judge.

This action, sounding in tort, was brought against defendant corporation in Forsyth County where it conducted its only place of business. The tort occurred in DeKalb County. Defendant was originally incorporated in Fulton County and designated an office and agent in Atlanta. Prior to the filing of this action, the agent resigned and notified the secretary of state. Defendant did not designate a new agent and office. Defendant moved to dismiss the action for improper venue, which motion was granted. *Held:*

Plaintiff urges that a corporation may be sued in the county in which it actually has its agent and place of business in addition to those in which it is statutorily permissible. See Code Ann. §§ 22-404 and 22-5301. To hold otherwise, plaintiff contends, would constitute a statutory abridgment of Art. VI, Sec. XIV, Par. VI of the Constitution of the State of Georgia (Code Ann. § 2-4906). The argument is without merit. It has long been the law of Georgia that, "The constitutional provision simply prescribes that the suits must be brought in the county of the defendant's residence, and the whole subject of domicile and residence of persons both natural and artificial is left to be determined by the General Assembly." *Gilbert v. Georgia Railroad &c. Co.,* 104 Ga. 412, 416 (30 SE 673). In short, the right of the General Assembly to create a corporation carries with it the power to designate its venue. See *Martin & Thompson v. Allen,* 188 Ga. 42, 45 (2 SE2d 668). Here, the plaintiff could not bring suit in DeKalb County where the accident occurred for the defendant had no agent or place of business there. Code Ann. § 22-5301. Venue, however, was available in Fulton County, for the statute reads "For the purpose of determining venue. . . [I]f any such corporation fails to maintain a registered office it shall be deemed to reside in the county in this State where its last-named registered office . . ., as shown by the records of the Secretary of State, was maintained. . ." Code Ann. § 22-404 (b). See also *Saint Francis Hospital, Inc. v. Dion,* 123 Ga. App. 360 (181 SE2d

72).

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED JANUARY 6, 1975 — DECIDED MARCH 19, 1975 — REHEARING DENIED APRIL 2, 1975 — ▮

*Spence & Knighton, Virgil C. Spence,* for appellant. *Hurt, Richardson, Garner & Todd, Paul M. Talmadge, Jr.,* for appellee.