### 30068. DAVENPORT v. PETROLEUM DELIVERY SERVICE OF GEORGIA, INC. et al.

JORDAN, Justice.

This court granted certiorari in the present case (*Davenport v. Petroleum Delivery Service,* 134 Ga. App. 418 (214 SE2d 692)) to determine whether there is a conflict between the decision of the Court of Appeals therein and the decision of this court in *Hallmark Properties v. Slater,* 229 Ga. 432 (192 SE2d 157).

The question at issue in the present case is the venue of a tort action against Petroleum Delivery Service of Georgia, Inc. The corporate defendant was incorporated in Fulton County in 1971. It designated an office and agent in Fulton County. Its registered agent resigned in December, 1973, and no agent had been registered at the time the tort action was filed in May, 1974. The action was filed in Forsyth County, where the corporation conducted

its only place of business. The alleged tort occurred in DeKalb County.

The Court of Appeals affirmed the judgment of the trial court dismissing the action in Forsyth County for improper venue, holding that the statutory residence of the corporation was Fulton County, the county of its registered office and agent, although such agent had resigned.

The 1968 Georgia Business Corporation Code (Ga. L. 1968, p. 565 et seq.), effective April 1, 1969, repealed the existing corporation law and created a new corporation code.

Under the prior corporation law, persons desiring a charter for a business corporation were required to state in their application for charter the county in which the "principal office" of the corporation was to be located. Ga. L. 1937-38, Ex. Sess., p. 215, § 1.

The 1968 corporation code does not require that the articles of incorporation state a principal office, but, instead, required the address of the corporation's initial "registered office" and initial "registered agent or agents at such address." Ga. L. 1968, pp. 565, 647; 1969, pp. 152, 203 (Code Ann. § 22-802).

The general provisions on venue in the 1968 corporation code are as follows:

"(a) Venue in proceedings against a corporation shall be determined in accordance with the pertinent constitutional and statutory provisions of this State now or hereafter in effect.

"(b) For the purpose of determining venue each domestic corporation and each foreign corporation authorized to transact business in this State shall be deemed to reside in the county where its registered office is maintained. If any such corporation fails to maintain a registered office it shall be deemed to reside in the county in this State where its last-named registered office or principal office, as shown by the records of the Secretary of State, was maintained. The residence established by this subsection shall be in addition to, and not in limitation of, any other residences that any domestic or foreign corporation may have by reason of other laws.

"(c) [not applicable in this case].

"(d) Whenever this Code either requires or permits an action or proceeding against a corporation to be brought in the county where the registered office of the corporation is maintained, if the action or proceeding is against a corporation having a principal office as required under the prior general corporation law, such action or proceeding may be brought in the county where such principal office is located." Ga. L. 1968, pp. 565, 584 (Code Ann. § 22-404).

Special provisions for venue and service are provided in actions on contract, suits for damages because of torts, and garnishment proceedings. Ga. L. 1968, pp. 565, 820 (Code Ann. §§ 22-5301, 22-5302). The special provision for tort actions is not applicable in the present case because the corporation had no agent or place of business in the county where the alleged tort occurred.

The corporate defendant maintains only one place of business, and it is natural to think of it as its "principal" office. However, the language of Code Ann. § 22-404 (d) does not mean a principal office in a factual sense, but means the principal office which was designated by the corporation under the prior corporation law. The references in § 22-404 (d) to "principal office" can thus apply only to corporations incorporated prior to the effective date of the 1968 corporation code. This is the construction given to this language by Kaplan's Nadler Ga. Corp. Law (1971), § 3-39.

A corporation incorporated under the present law does not have a "principal office as required under the prior general corporation law." Code Ann. § 22-404 (d). It only has a "registered office." Ga. L. 1968, pp. 565, 581; 1969, pp. 152, 159 (Code Ann. § 22-401). Petroleum Delivery Service of Georgia, Inc., was incorporated in 1971, after the effective date of the 1968 corporation code.

As held by the Court of Appeals, the General Assembly has the right to fix the residence of a corporation for the purpose of venue. The registered office of the corporate defendant was Fulton County, and Fulton County must be deemed to be its residence for the determination of venue in the tort action.

The facts in *Hallmark Properties v. Slater,* 229 Ga. 432, supra, make that case distinguishable from the

present case. In the *Hallmark* case we held that, for the determination of venue, Hallmark was deemed to reside in the county where it maintained its registered office, or, as an alternative, an action might be brought against it in a county where it maintained its principal office under the prior general corporation law. Hallmark was incorporated in 1964 under the old corporation law and had filed a statement designating its principal office. The language in Code Ann. § 22-404 (d) pertaining to a principal office as required under the prior corporation law was therefore applicable in the *Hallmark* case. The statement in the *Hallmark* case in regard to the alternate venue of the county of the corporation's principal office would not require a reversal of the judgment of the Court of Appeals in the present case.

*Judgment affirmed. All the Justices concur, except Ingram, J., who dissents.*

ARGUED JULY 9, 1975 — DECIDED SEPTEMBER 12, 1975.

*Spence & Knighton, Virgil C. Spence,* for appellant.
*Hurt, Richardson, Garner & Todd, Paul M. Talmadge, Jr.,* for appellees.