## 57450. VICTORIA CORPORATION v. FULTON PLUMBING COMPANY.

McMURRAY, Presiding Judge.

This case involves a suit on a promissory note executed by a corporation which had been incorporated in Fulton County. On December 31, 1975, it was served on a Mr. Thomas West as being in charge of the office and place of doing business in Fulton County, Georgia. The corporation made a special appearance and traverse of the service, contending it had not been served in said case, had not acknowledged service, or made an appearance or

otherwise submitted to the jurisdiction of the court. It further contended that the purported service upon Thomas West at his law office was void in that he was not an officer of said defendant corporation nor otherwise authorized to receive service, and the location of his law office was not the office or the place of business of said defendant. A second original was then filed on December 23, 1975. Both the second original and the original were then served by a deputy marshal in Cobb County by serving the defendant Victoria Corporation by leaving a copy of the within action and summons with "Paul Freeman in charge of the office and place of doing business of said Corporation, in Fulton County, Georgia." This service was executed on June 17, 1976.

Whereupon the defendant corporation answered the complaint denying the claim with special defenses of lack of jurisdiction over the defendant and improper venue of the court.

On the 6th of November, 1978, the court issued an order on the special appearance stating same had been superseded by service of a second original "issued by the Court" and that thereafter defendant Victoria Corporation filed its answer in said case, "the defendant having been served." The trial court then declared the special appearance and traverse of the earlier service to be moot.

The case was tried without a jury, all parties waiving the requirement that the trial court state its findings of fact and conclusions of law. Judgment was rendered in favor of the plaintiff. A motion for new trial was filed and denied, and defendant appeals. *Held:*

1. The transcript of evidence and proceedings was established from recollection and approved by both parties as well as the trial court. Thomas B. West was sworn for the defendant and testified that he was familiar with the affairs of Victoria Corporation as they relate to this case, that he was not now an officer of Victoria Corporation, nor was he an officer in the years 1975, 1976, 1977 or 1978. He further testified the registered office of the corporation was the residence of Paul Freeman at 1049 Riverbend Club Drive in Cobb County, Georgia. The records of the Secretary of State were offered disclosing

registrations of defendant dated October 30, 1975, January 9, 1976, and February 9, 1977. The registration dated October 30, 1975, disclosed that the registered agent in Georgia was Thelma Y. Wood and the registered office was at 543 Tara Trail, N. W., Atlanta, Georgia 30327. The registration dated January 9, 1976 disclosed that the registered agent in Georgia was Paul Freeman and the registered office was at 1049 Riverbend Club Drive, Atlanta, Georgia 30339 (other testimony showing this address to be in Cobb County, Georgia). The registration dated February 9, 1977, disclosed that the registered agent in Georgia was Paul Freeman and the registered office was at 1049 Riverbend Club Drive, Atlanta, Georgia 30339, County of Cobb.

2. In order to serve a defendant residing out of the county the clerk of the trial court is authorized to issue a second original for such other county or counties and forward same to the sheriff "who shall serve the copy and return the second original, with his entry thereon, to the clerk of the court from which the same issued." See Code § 81-215. As to a defendant who is a resident of the State of Georgia the sheriff of the county where the suit is filed (in this instance it was served by a deputy marshal of the state court) may serve such defendant in any county of the state. See *Bell v. Stevens,* 100 Ga. App. 281 (2) (b) (111 SE2d 125).

3. Generally, a corporation must be sued in the county wherein it has its registered office and if it has no registered office, it shall be deemed to reside in the county where its last registered office was located or where its place of business is located, or where it maintains its principal office and place of business. Code Ann. § 22-404 (Ga. L. 1968, pp. 565, 584; 1975, pp. 583, 587; 1976, pp. 1576, 1577); *Radcliffe v. Boyd Motor Lines, Inc.,* 129 Ga. App. 725, 726 (1,2) (201 SE2d 4).

4. Ordinarily, there is a presumption, in the absence of a showing to the contrary, that a public official performs faithfully and lawfully the duties devolved upon him by law. *Pope v. U. S. Fidelity &c. Co.,* 200 Ga. 69 (1), 74 (35 SE2d 899) and cits.

5. The court takes judicial notice that the City of Atlanta is a municipal corporation located in two counties

of Georgia, that is, Fulton and DeKalb Counties, and that no part of the City of Atlanta is located in Cobb County, Georgia. The various enumerations of error here contend that the court erred in holding that jurisdiction was within said court and venue was in Fulton County, in holding the second original was regular and valid and the special appearance and traverse to be moot. All of these enumerations are meritorious in that the evidence before the court shows the corporation as residing in Cobb County and the State Court of Fulton County was lacking in jurisdiction and venue to determine the matter.

The very latest amendment of the corporation charter in 1965 disclosed that at that time the principal office was located in Atlanta, Fulton County, Georgia. The uncontested evidence shows that on October 30, 1975, its registered office was at 543 Tara Trail, N. W., Atlanta, Georgia 30327, which was the same address as its registered agent in Georgia, "Thelma Y. Wood." Thereafter its registered agent was changed to Paul Freeman who certified to the correctness of the statement that its registered office was changed to 1049 Riverbend Club Drive, Atlanta, Georgia 30339, which testimony by Thomas B. West is that said address is located in Cobb County, Georgia. Thus, the uncontested evidence before the court is that at the time of service in Cobb County, Georgia its registered office and its registered agent were located in Cobb County, Georgia where service was accomplished by serving its registered agent. Under the law as stated in Code Ann. § 22-404 (Ga. L. 1968, pp. 565, 584; 1975, pp. 583, 587; 1976, pp. 1576, 1577) for the purpose of determining venue of a domestic corporation it shall be "deemed to reside in the county where its registered office is maintained." It is true that the registered office, "shall be in addition to, and not in limitation of, any other residences that any domestic . . . corporation may have by reason of other laws." Thus, if it "has an office and transacts business" in Fulton County or has a principal office located in Fulton County (see Code Ann. § 22-404 (c) (f), supra) the service in Cobb County of this Fulton County suit would establish venue in Fulton County. There is evidence here that in 1965, as shown by the corporate charter its principal office was to be located

in Atlanta, Fulton County, Georgia. We are here faced with the doctrine of presumption of continuity, that is, that the state of things once existing is presumed to continue until a change occurs. See *Wilkins v. Ga. Cas. Co.,* 19 Ga. App. 162, 165 (91 SE 224); *Tippins v. Lane,* 184 Ga. 331 (3) (191 SE 134); *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746, 753 (113 SE2d 611); *Roberts v. Hill,* 81 Ga. App. 185 (2) (58 SE2d 465); *McCluskey v. American Oil Co.,* 224 Ga. 253, 255 (161 SE2d 271). As was stated in *McCluskey v. American Oil Co.,* at p. 255, the doctrine "does not include a presumption either that something shown to exist will continue in the future, or that it had previously existed." The statement in the corporate charter that its principal office was to be Atlanta, Fulton County, Georgia is not sufficient to establish that any such office was ever located in Atlanta, Fulton County, Georgia. Therefore, there is no evidence before the court that the defendant maintained a principal office or place of business in Fulton County which would give that county venue to decide this case. Based upon the evidence, it fails to disclose such an office or place of doing business subject to the jurisdiction of this court at the time of filing this suit or thereafter. *Hallmark Properties, Inc. v. Slater,* 229 Ga. 432, 434 (192 SE2d 157). Compare *Davenport v. Petroleum Delivery Ser. of Ga.,* 235 Ga. 116 (218 SE2d 848).

6. The ruling above makes it unnecessary to consider any other enumerations of error here raised.

*Judgment reversed. Deen, C. J., concurs. Birdsong, J., concurs in the judgment only. Shulman, J., not participating.*

SUBMITTED MARCH 8, 1979 — DECIDED JULY 3, 1979.

*Pye, Groover & Dailey, Durwood T. Pye,* for appellant.

*Powell, Goldstein, Frazer & Murphy, James K. Rankin, John N. Raudabaugh,* for appellee.