A92A0185. WILLIAMS v. WILLIS.

(419 SE2d 139)

JOHNSON, Judge.

Willis brought suit against Williams on a promissory note in the State Court of Cobb County. Using the Cobb County address furnished by Willis' attorney, the sheriff made six unsuccessful attempts to serve Williams in Cobb County. A special agent was appointed by the court upon motion of the plaintiff, a new address was provided, and Williams was served at the new address on June 10, 1988. The record makes it clear, and appellee does not dispute, that the new address was Williams' personal residence and was located in DeKalb County.

In his answer to Willis' complaint, Williams asserted as his first defense that "(v)enue is improper in the State Court of Cobb County, as defendant is a lawful resident of DeKalb County," thus properly raising the defense of improper venue. Neither Willis nor Williams sought a ruling from the trial court on the venue question at this early stage; rather, the parties proceeded with discovery. The period for completion of discovery was extended by consent order on five occasions, the last of which was on April 25, 1990. Pursuant to this order, discovery was extended to August 27, 1990. It is therefore clear from the record that many months passed with the case still pending in Cobb County and with neither party seeking a ruling from the court on the venue question.

Willis filed a motion for summary judgment. A hearing was scheduled for April 8, 1991 on the motion for summary judgment. Williams' counsel began his presentation at that hearing by announcing that Williams had raised the defense of improper venue in his answer, and that he wished to make an oral motion to transfer the

case to the State Court of DeKalb County. The trial court allowed him to make his motion to transfer prior to hearing arguments on the motion for summary judgment, and Willis was allowed to respond. The trial court then proceeded with the hearing on Willis' summary judgment motion. At the conclusion of the hearing, the trial court announced that both motions were being taken under advisement. Having considered both motions overnight, the trial court entered an order on April 9 granting Willis' motion for summary judgment and declaring Williams' motion to transfer moot. We reverse.

Willis contends that Williams waived his objection to venue by proceeding with the case, and points specifically to the five consent orders extending the time for completion of discovery as instances where Williams voluntarily submitted to venue in Cobb County. It is true that litigants may waive constitutional and legal rights by their conduct as well as expressly. See *Jordan v. Flynt,* 240 Ga. 359, 366 (240 SE2d 858) (1977). As to the defense of improper venue, Williams could have waived it by not raising it in his answer. *Harbin Enterprises v. Sysco Corp.*, 195 Ga. App. 694, 695 (394 SE2d 618) (1990); see also OCGA § 9-11-12 (h) (1) (B). He could have waived it expressly, either in writing or in open court, even after he had properly raised it in his answer. See generally *Empire Forest Prods. v. Gillis,* 184 Ga. App. 542, 543 (362 SE2d 77) (1987). Or, he could have waived it by his conduct had he done nothing to elicit a ruling from the court on the venue question prior to the entry of judgment or the commencement of trial. *Taylor v. Career Concepts,* 184 Ga. App. 551, 552-553 (362 SE2d 128) (1987). However, a properly raised defense of improper venue is not waived implicitly by allowing the litigation to proceed over a lengthy period of time, nor is it waived implicitly by entering into consent orders extending discovery.

For litigants situated as Williams was in the trial court, we recognize that the better practice is to seek a ruling on the venue question early in the process. There is much to be said for Willis' contention that it is unfair for a defendant to allow the case to proceed for such a long time before insisting on a ruling. However, we remind litigants in Willis' situation that it is not only the party asserting the defense of improper venue who can seek a ruling. At any time during the pendency of this case, Willis could have brought to the trial court's attention by motion that the venue defense had been raised by the defendant in his answer and using that vehicle could have sought an order requiring the defendant to either expressly waive the venue defense or proceed to address it by motion so that the court could rule one way or the other before the parties or the court had further invested their time and resources.

Because Williams properly raised the defense and properly sought the transfer of the case prior to any ruling on the motion for

summary judgment, he was entitled to have the merits of the venue question decided prior to the ruling on the merits of the motion for summary judgment. Thus the trial court erred by declaring the motion to transfer moot, and the motion for summary judgment was prematurely granted. The judgment is reversed with direction that the trial court consider the merits of the motion to transfer and enter an order thereon prior to any further consideration of the motion for summary judgment.

In view of our holding on the venue question, it is not necessary to consider the appellant's remaining enumerations of error.

*Judgment reversed with direction. Carley, P. J., and Pope, J., concur.*

DECIDED MAY 22, 1992.

*H. Michael Dever, R. Andrew Fernandez*, for appellant.
*Davis, Matthews & Quigley, Ron L. Quigley*, for appellee.