A95A1781. ROCK et al. v. READY TRUCKING, INC.
A95A1782. BARTJA et al. v. READY TRUCKING, INC.
A95A1783. ROCK v. READY TRUCKING, INC.
A95A1784. COYSMAN v. READY TRUCKING, INC.

(463 SE2d 355)

POPE, Presiding Judge.

We granted plaintiffs' application for interlocutory review to consider whether the trial court erred in granting Ready Trucking, Inc.'s ("Ready") motion to transfer for improper venue and denying plaintiffs' motions for summary judgment as to venue.

The case arises from a traffic accident in Lowndes County on March 19, 1993, which occurred when a tractor-trailer owned by Ready collided with a van in which plaintiffs were riding. Plaintiffs filed this action in the State Court of Fulton County on May 17, 1994. They served the summons and complaint on Henry Read, Sr., Ready's designated registered agent for service of process under the Federal Motor Carrier Act, 49 USC § 10330 (b), at his Fulton County residence. At all times relevant to this action, Don Dougherty, Ready's president, was designated as Ready's registered agent, and 2717 Campbell Boulevard, Ellenwood, Clayton County, Georgia, was listed as its registered office in documents filed with the Georgia Secretary of State.

Sometime in 1993, however, Dougherty moved to Nevada. He also relocated Ready's executive office and headquarters and incorporated Ready in Nevada. Dougherty was designated Ready's registered agent in Nevada in September 1993. Ready proffered a certificate from the Georgia Secretary of State showing it remains in good standing.

After Ready asserted improper venue in its first responsive pleading, plaintiffs moved for summary judgment, arguing venue was proper in Fulton County, the location of Ready's agent for service of process under the Georgia Motor Carrier Act and regulations promulgated by the Interstate Commerce Commission and the Georgia Public Service Commission. Ready moved to transfer, contending that the case should be tried in Clayton County, the location of its registered office. The trial court granted Ready's motion to transfer and denied the plaintiffs' motion for summary judgment.

Venue is determined on the date the suit is filed. *McLain Building Materials v. Hicks*, 205 Ga. App. 767, 768-769 (423 SE2d 681) (1992). Generally, venue in civil actions against foreign or domestic corporations authorized to transact business in this state lies in the county where their registered offices are maintained and where the cause of action arose if the corporation has an office and transacts business in that county. OCGA § 14-2-510 (b) (1) and (3). OCGA § 46-7-17 (b), which specifically addresses venue in cases against mo-

tor carriers, broadens the possible locations for venue. It states that actions for damages "may be brought in the county where the cause of action or some part thereof arose; and if the motor common carrier or its agent shall not be found for service in the county where the action is instituted, a second original may issue and service be made in any other county where the service can be made upon the motor common carrier or its agent. The venue prescribed by this Code section shall be cumulative of any other venue provided by law." OCGA § 46-7-17 (b).

Because the law treats foreign and domestic corporations identically for venue purposes so long as the corporation is authorized to transact business in this state, and Ready is authorized to transact business in this state, we need not reach the issue of whether Ready is a Georgia or Nevada corporation. OCGA § 14-2-510 (b) (1); *Southern Drayage v. Williams*, 216 Ga. App. 721, 723 (455 SE2d 418) (1995). Venue in Clayton County was proper under OCGA § 14-2-510 (b) (1) because at all relevant times Ready's Clayton County office was properly registered with the Secretary of State. OCGA §§ 14-2-1622 (a); 14-5-11 (b) (both foreign and domestic corporations required to annually register address and county of its registered office). No applicable law supports venue in this case in the county of an agent's residence. Thus, the trial court correctly granted Ready's motion to transfer.

Plaintiffs' unsupported argument that OCGA § 46-7-17 (b) authorizes venue in any county where a corporation designates an agent for service lacks merit. They confuse the requisites of service with venue. OCGA § 46-7-17 (b) clearly provides for venue in the county where some portion of the cause of action arose. This venue provision remains unchanged by the statute's inclusion of an alternative method of service where the motor carrier or its agent is unavailable in the county where the cause of action arose.

Plaintiffs further contend that Ready waived its venue defense by designating a Fulton County resident as its registered agent under the Federal Motor Carrier Act.

This argument fails because the concept of waiver presupposes the intentional or voluntary relinquishment of a known right. See *Williams v. Willis*, 204 Ga. App. 328, 329 (419 SE2d 139) (1992).[1] Ready was required under 49 USC § 10330 to designate an agent for service of process by filing a form with the Interstate Commerce Commission and the Georgia Public Service Commission. That statute does not even mention venue; thus, Ready could not knowingly have relinquished its venue defense by designating Ready as its agent

---

[1] For example, venue may be waived by failing to raise it in an answer, expressly relinquishing the defense after properly raising it, or by failing to elicit a ruling on the issue prior to commencement of trial or entry of judgment. Id.

under 49 USC § 10330. Moreover, the Eighth Circuit cases plaintiffs rely on for their waiver argument construe federal law and therefore are not relevant to this case.

Finally, plaintiffs contend that OCGA § 9-10-33 provides for venue in Fulton County as the location of its agent for service and the place it transacts business, because Ready is a foreign corporation which failed to maintain its registered office. They argue that venue does not lie in Clayton County because Ready's registered office in Georgia could not be maintained in the absence of its registered agent, who moved to Nevada. They also maintain that effecting service would have been impossible at the registered office in the registered agent's absence.

OCGA § 9-10-33 provides that "[a] person who is not a citizen of this state, passing through or sojourning temporarily in the state, may be subject to an action in any county thereof in which he may be found at the time when the action is brought." Assuming without deciding that Ready is no longer a Georgia corporation due to its incorporation in Nevada, the fact that it has been operating continuously from its Georgia office for over 16 years belies the argument that Ready is merely passing through or sojourning temporarily in this state. Cf. *McPherson v. McPherson*, 238 Ga. 271, 272 (2) (232 SE2d 552) (1977). Plaintiffs offer no relevant authority for their theory that a registered office cannot be maintained in the absence of a registered agent, and we have found none. To the contrary, Georgia law contemplates that registered offices will not be invalidated by registered agents' absences. OCGA § 14-2-503 (providing for resigning agent's notification of the Secretary of State if the registered office is being discontinued). In this case, documents filed with the Secretary of State reflected that Ready's registered office remained in Clayton County. As to plaintiffs' argument that service in Clayton County was impossible in Dougherty's absence, the Code provides for service on a corporation in the absence of a registered agent by registered or certified mail, addressed to the secretary of the corporation at its principal office. OCGA § 14-2-504 (b). Such service would not affect venue. Accordingly, venue was proper in Clayton County, the location of Ready's registered office. OCGA § 14-2-510 (b) (1).

In light of our findings on the motion to transfer, we need not reach the issue of the propriety of the trial court's denial of plaintiffs' motion for summary judgment on the venue issue.

*Judgments affirmed. Beasley, C. J., and Ruffin, J., concur.*

Decided October 20, 1995 —

*Billy E. Moore, Frederick D. Burkey, Calvin A. Rouse*, for appellants.

*Dennis, Corry, Porter & Gray, William E. Gray II, Pamela J. Gray, Stephanie F. Goff*, for appellee.