A04A0892. COASTAL TRANSPORT, INC. et al. v. TILLERY.

(605 SE2d 865)

SMITH, Chief Judge.

We granted this application for interlocutory review to consider whether the trial court erred in denying defendant-appellants' motion to transfer for improper venue. Because venue of this action does not lie in Chatham County, the trial court erred. The judgment therefore must be reversed and this case remanded for determination of proper venue.

This action arose out of a collision on a highway in Dougherty County between an agricultural tractor driven by plaintiff Wesley DeWayne Tillery and a tractor-trailer driven by Ira D. Tyson, an employee of Coastal Transport, Inc. Tillery brought this negligence action in Chatham County against Tyson, Coastal Transport, and Liberty Mutual Insurance Company.[1]

The appellants filed a joint answer in which they raised improper venue, stating as an affirmative defense, "Venue is improper in this case as to these defendants and therefore the plaintiff's complaint against these defendants should be dismissed due to improper venue." After Tyson's dismissal, Coastal Transport and Liberty Mutual filed a motion to transfer venue to Gwinnett County, alleging that Coastal Transport's registered office was located in Gwinnett County and that Liberty Mutual's registered office was located in Cobb County. This motion was denied by the trial court. Appellants' application for interlocutory appeal was granted.

The record shows that Coastal Transport is a domestic profit corporation incorporated in 1985 under its former name, Coastal Transport of Florida, Inc. At the time the complaint was filed, Coastal Transport had a place of business in Chatham County, but the complaint alleged that its registered agent for service of process was located in Gwinnett County, and the answer admitted that allegation. The summons names the Gwinnett County registered agent and

---

[1] Tyson later was dismissed without prejudice.

gives its address, and it appears that Coastal Transport was successfully served there. However, as the trial court noted, the certified copy of the corporate records filed by appellants showed only an "initial registered office" and a "registered agent" for Coastal Transport located in Cobb County. It is undisputed that Liberty Mutual is a foreign corporation with its registered agent for service of process located in Marietta, Georgia.[2]

1. We first consider Tillery's contention that appellants have waived their venue defense. Citing *Williams v. Willis*, 204 Ga. App. 328 (419 SE2d 139) (1992), Tillery argues that appellants failed to raise the issue of venue because their answer did not name a county in which venue should properly lie. In *Williams*, we determined that the defendant properly raised the issue of venue in his answer. In that case, the defendant stated in his answer that he resided in a particular county, thus at least by implication asserting that venue was proper there. Id. at 328. But he did not, as Tillery contends, explicitly state that venue was proper in the county of his residence. Moreover, such specificity in an answer is not mandated by the pleading requirements of our state. Under the system of notice pleading, only a statement "in short and plain terms" is required, OCGA § 9-11-8 (b), and the pleadings must be construed so "as to do substantial justice." OCGA § 9-11-8 (f). Pleadings need not be perfect; they need only put the other party on notice of a claim. *Manning v. Robertson*, 223 Ga. App. 139, 142 (2) (476 SE2d 889) (1996). "While it is not necessary to set forth in a responsive pleading reasons why venue is improper, in order to *assert* the defense, a defendant must make reference to venue." *Orkin Exterminating Co. v. Morrison*, 187 Ga. App. 780, 782 (3) (371 SE2d 407) (1988). Appellants met this requirement.

Tillery also complains that 18 months elapsed between the filing of appellants' answer and the motion to transfer and that appellants should have filed their motion to transfer at the time of answer. But "a properly raised defense of improper venue is not waived implicitly by allowing the litigation to proceed over a lengthy period of time, nor is it waived implicitly by entering into consent orders extending discovery." *Williams*, supra, 204 Ga. App. at 329. Appellants did not waive the issue of venue.

2. We next consider whether venue of this action properly lies in Chatham County. Ga. Const. of 1983, Art. VI, Sec. II, Par. VI, provides that "venue as to corporations, foreign and domestic, shall be as provided by law." OCGA § 14-2-510 (b) provides in pertinent part:

---

[2] We may take judicial notice that the City of Marietta is located entirely within Cobb County. *Widner v. State*, 203 Ga. App. 823, 824 (3) (418 SE2d 105) (1992).

Each domestic corporation and each foreign corporation authorized to transact business in this state shall be deemed to reside and to be subject to venue as follows:

(1) In civil proceedings generally, in the county of this state where the corporation maintains its registered office; or if the corporation fails to maintain a registered office, it shall be deemed to reside in the county where its last named registered office or principal office, as shown by the records of the Secretary of State, was maintained;

(2) In actions based on contracts, in that county in this state where the contract to be enforced was made or is to be performed, if the corporation has an office and transacts business in that county;

(3) In actions for damages because of torts, wrong, or injury done, in the county where the cause of action originated, if the corporation has an office and transacts business in that county;

(4) In actions for damages because of torts, wrong, or injury done, in the county where the cause of action originated. If venue is based solely on this paragraph, the defendant shall have the right to remove the action to the county in Georgia where the defendant maintains its principal place of business. A notice of removal shall be filed within 45 days of service of the summons. Upon motion by the plaintiff filed within 45 days of the removal, the court to which the case is removed may remand the case to the original court if it finds that removal is improper under the provisions of this paragraph. Upon the defendant's filing of a notice of removal, the 45 day time period for filing such notice shall be tolled until the remand, the entry of an order by the court determining that the removal is valid, or the expiration of the time period for the plaintiff to file a motion challenging the removal, whichever occurs first.

OCGA § 46-7-17 (b) provides that venue will lie with respect to motor carriers "in the county where the cause of action or some part thereof arose," with special provisions for service by second original. See *Rock v. Ready Trucking*, 218 Ga. App. 774, 775 (463 SE2d 355) (1995). OCGA § 14-2-501 provides:

Each corporation must continuously maintain in this state:

(1) A registered office that may be the same as any of its places of business; and

(2) A registered agent, who may be:

(A) A person who resides in this state and whose business office is identical with the registered office;

(B) A domestic corporation or nonprofit domestic corporation whose business office is identical with the registered office; or

(C) A foreign corporation or nonprofit foreign corporation authorized to transact business in this state whose business office is identical with the registered office.

The registered agent, whether a corporation or an individual, must be located at the registered office of the corporation. See also OCGA § 14-2-1622 (a) (2) (annual registration shall include "[t]he street address and county of its registered office and the name of its registered agent *at that office* in this state") (emphasis supplied). Under the facts presented in the record below, the residence of Coastal Transport and Liberty Mutual for purposes of venue cannot lie in Chatham County. See *Rock v. Ready Trucking*, supra; *WBC Holdings, Inc. v. Thornton*, 213 Ga. App. 48, 49 (443 SE2d 686) (1994).

One additional venue provision exists with respect to those corporations that existed before the 1968 revision of the Georgia corporation laws. OCGA § 14-2-510 (d) provides:

Whenever this chapter either requires or permits a proceeding to be brought in the county where the registered office of the corporation is maintained, if the proceeding is against a corporation having a principal office as required under a prior general corporation law, the action or proceeding may be brought in the county where the principal office is located.

In *Davenport v. Petroleum Delivery Svc. &c.*, 235 Ga. 116 (218 SE2d 848) (1975), the Georgia Supreme Court considered the application of former Ga. Code Ann. § 22-404 (d), which provided in pertinent part:

(d) Whenever this Code either requires or permits an action or proceeding against a corporation to be brought in the county where the registered office of the corporation is

maintained, if the action or proceeding is against a corporation having a principal office as required under the prior general corporation law, [the] action or proceeding may be brought in the county where such principal office is located.

(Citation and punctuation omitted.) *Davenport*, supra at 118. The operative language of former Ga. Code Ann. § 22-404 (d) is essentially identical to that presently enacted by OCGA § 14-2-510 (d). As the Supreme Court observed in *Davenport*,

The corporate defendant maintains only one place of business, and it is natural to think of it as its "principal" office. However, the language of Code Ann. § 22-404 (d) does not mean a principal office in a factual sense, but means the principal office which was designated by the corporation under the prior corporation law. The references in § 22-404 (d) to "principal office" can thus apply only to corporations incorporated prior to the effective date of the 1968 corporation code.

Id. And "under OCGA § 14-2-510 we have determined that a registered agent's business office must be the corporation's registered office." (Citation omitted.) *Southern Drayage v. Williams*, 216 Ga. App. 721, 723 (3) (455 SE2d 418) (1995). Thus, even if Coastal Transport has a place of business in Chatham County, and even if it is, as Tillery alleges, Coastal Transport's *only* place of business, that is not its "principal office" within the meaning of OCGA § 14-2-510 (d). Coastal Transport was not incorporated until 1985, and it therefore has no "principal office" as provided for under former corporation law.

Tillery also contends that OCGA § 14-2-510 (b) (4) applies, arguing that venue properly lies in Dougherty County, where the cause of action originated, and in Chatham County, where Coastal Transport maintained its "principal place of business." But that subsection by its terms applies only when venue is "based solely on this paragraph"; i.e., when the plaintiff has filed the action in "the county where the cause of action originated." In that case only, a defendant has an absolute right to remove the case to "the county in Georgia where the defendant maintains its principal place of business," subject to remand if the court in that county determines that removal was improper. OCGA § 14-2-510 (b) (4) therefore is inapplicable here, because Tillery did not originally file this action in Dougherty County and appellants did not remove it to Chatham County. The trial court erred in determining that venue properly lies in Chatham County.

3. Finally, we must consider appellants' contention that venue properly lies in Gwinnett County. As discussed in Division 2, the office of the registered agent for service of process is the appropriate method for establishing venue in this action. The plaintiff alleged in his original complaint that Coastal Transport's registered agent for service of process was a named corporation at a named address in Gwinnett County, and appellants' answer admitted that paragraph of the complaint. Service was, in fact, perfected at that address. But the Secretary of State's records as filed in the court below do not show any change of the registered office or registered agent for service of process from its original location.

The trial court denied the motion on the basis that appellants failed to show that venue properly lay in Gwinnett County and did not "specifically request that this case be transferred to the State Courts of Dougherty County or Cobb County. See Uniform Superior Court Rule 19.1 (B)." It is true that USCR 19.1 (B) requires that "[t]he moving party shall specify the court(s) having jurisdiction and in which venue properly would lie." But appellants' brief in support of their motion did specifically note that the incident occurred in Dougherty County and that Liberty Mutual's registered agent was in Cobb County.

Even when a party moves to *dismiss* a complaint due to improper venue, the appropriate response is to transfer the case. "Georgia's Constitution requires a court to transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere. Likewise, [USCR] 19.1 requires a court to treat a motion asserting improper venue as a motion to transfer the action to another court." (Citation, punctuation and footnote omitted.) *Farrell v. HRC Armco, Inc.*, 253 Ga. App. 633, 634 (560 SE2d 107) (2002); see Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII.

A trial court without venue lacks authority to issue an order or judgment, and any such order or judgment is void. *First American Title Ins. Co. v. Broadstreet*, 260 Ga. App. 705, 707 (1) (580 SE2d 676) (2003). Venue clearly did not lie in Chatham County, and the trial court could not simply deny appellants' motion to transfer; it was obligated to determine the county or counties in which venue properly lay.

As the record stands at this time, the evidence with regard to the proper venue for this action is in conflict. On the one hand, the parties alleged and admitted that Coastal Transport's registered agent for service of process was located in Gwinnett County, and service was apparently made at that Gwinnett County address. On the other hand, the trial court noted that Coastal Transport's Secretary of State records as filed below contained no designation of the Gwinnett

County agent and showed the "initial registered office" and "registered agent" in Cobb County. We are able to determine from the record that venue is not appropriate in Chatham County, but the evidence regarding the appropriate registered office of Coastal Transport is in conflict and the trial court made no decision on that point. Nor did the trial court make any determination with regard to the appropriate venue for Liberty Mutual. We therefore reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.

*Judgment reversed and case remanded with direction. Johnson, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 20, 2004.

*Dennis, Corry, Porter & Smith, Grant B. Smith, Michael W. Horst*, for appellants.

*Thomas R. Taggart, William M. Shingler*, for appellee.