## 48480. MIDDLEBROOKS v. DANIELS.

DEEN, Judge. "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Code Ann. § 81A-115 (c). The rule applies even to allegations of facts which are conditions precedent to the existence of the right of action. Cf. *City of Atlanta v. Fuller,* 118 Ga. App. 563 (a) (164 SE2d 364). The provision of Code Ann. § 81A-108 (a) that an original complaint shall contain facts upon which the court's venue depends does not mean that this essential fact may not be added by amendment at a proper time. In fact *Martin v. Approved Bancredit Corp.,* 224 Ga. 550 (163 SE2d 885) shows that such is the case. In that action neither of the original corporate defendants was a resident of the county of suit; the individual who was the attorney in fact of one of them was a resident and was added by amendment. The court in that case did not hold that a new party could not be added and venue thereby validated, but only that no cause of action was in fact set out against the individual attempted to be joined.

The amendment here, supplying the omitted allegation that the defendant named in the original petition was a resident of the county where suit was filed, was proper. There being no transcript of evidence in this case, we must assume that the allegata and probata corresponded, and that the verdict was supported by evidence.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED SEPTEMBER 10, 1973 — DECIDED OCTOBER 3, 1973.

*Harvey J. Kennedy, Jr.,* for appellant.
*Banks, Smith & Lambdin, E. Byron Smith,* for appellee.