## 54290. HATFIELD v. LELAND.

DEEN, Presiding Judge.

Hatfield was sued in the Superior Court of Fulton County on a two-count petition involving the same transaction, Count 1 being for simple negligence and Count 2 being based on a wilful and malicious tort. The petition alleged in Count 1 only that Hatfield resided at 7080 Brandon Mill Road, N. W., Atlanta, Fulton County, Georgia. He was served at that address. The case became in default and Count 2 only was submitted to the jury on the issue of damages. A verdict was returned for the plaintiff. Defendant then filed a motion to set aside the judgment based thereon, which itself recited that the case had come on for trial after being in default over 45 days and after having appeared on the trial calendar published in the Fulton County Daily Report. The sole ground of the motion to set aside is that the complaint (meaning that count submitted to the jury) "shows on its face that no claim against the defendant exists [because] Count II fails to contain or plead any facts upon which the court's venue

depends." The motion was overruled and defendant appeals. *Held:*

A motion to set aside a judgment may be "based upon lack of jurisdiction over the person . . . regardless of whether such lack of jurisdiction appears upon the face of the record or pleadings." Code Ann. § 81A-160 (d). Appellant, however, makes no claim of lack of jurisdiction of his person but merely contends that Count 2 taken by itself fails to allege venue. "Venue is not a jurisdictional question but a procedural one." 77 AmJur2d 832, Venue, § 1; State ex rel. Chemical Tank Lines v. Davis, 93 SE2d 28. The venue of this action is the county wherein the defendant resides. Code § 3-201. It, like lack of jurisdiction of the person, may be waived. *McGuire v. Associates Capital Services Corp.,* 133 Ga. App. 408 (210 SE2d 862). This applies equally to defendants whose cases are in default as to those who have appeared and answered. "Code Ann. § 81A-112 (h) (1) provides that certain defenses, including improper venue, are waived if not made either by motion or responsive pleadings. Defendant contends that his total failure to appear cannot be considered a waiver. We disagree. He had actual notice of the suit and could have appeared for the limited purpose of challenging venue. Allowing a case to go to default judgment is no better than allowing a case to be tried on the merits before coming in with a technical defense." *Aiken v. Bynum,* 128 Ga. App. 212, 213 (196 SE2d 180). The record here shows that the defendant was personally served, and he admits as much in his motion to set aside the judgment. He has therefore shown no good cause to have it set aside.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 6, 1977 — DECIDED SEPTEMBER 30, 1977 — REHEARING DENIED OCTOBER 14, 1977 —

*Joe Salem, Donna J. Salem,* for appellant.

*Kiser, Rosser & Crossett, Eugene R. Kiser,* for appellee.