59829. RANDALL & BLAKELY, INC. v. KRANTZ.

McMurray, Presiding Judge.

This case arises out of a purchase of new merchandise found to be faulty. Plaintiff's complaint alleges that he purchased from the defendant a truck and a camper top for use on the truck, both of which proved defective shortly after the purchase. He alleges that defendant failed and refused to effect repairs. Based on these allegations, plaintiff sought actual damages of $1,800, exemplary damages of $2,500 and a reasonable amount as attorney fees.

Defendant was served but did not file an answer. After defendant's default the issue of unliquidated damages was tried before a jury. The verdict awarding $4,500 and dated October 10, 1979, was filed in the clerk's office on October 26, 1979. The court recites in its judgment, dated either October 10, 1979, or October 20, 1979 (as the date on the copy in the record is unreadable), and filed in the clerk's office on October 24, 1979, that it was a case of unliquidated damages tried before a jury, and judgment was rendered for $4,300.

On November 30, 1979, some 37 days later, defendant filed its motion for new trial and a motion to set aside the judgment of the

court setting forth the various facts shown above and based upon Code Ann. § 81A-160 (b) (d) (f) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138). An affidavit was attached to the motion for new trial with reference to the facts as to why the case was in default. Thereafter, on January 3, 1980, the court rendered its judgment setting forth the various dates involved in this action and defendant's contention that the plaintiff's failure to allege venue in the petition rendered same to be a nonamendable defect appearing on the face of the record and same should be set aside as provided in Code Ann. § 81A-160 (d), supra. The court held that the contentions of the defendant were controlled adversely to it by *Hatfield v. Leland,* 143 Ga. App. 528 (239 SE2d 169); that is, that defenses such as improper venue are waived if not made either by motion or responsive pleading. The court recited that *Hatfield v. Leland,* 143 Ga. App. 528, supra, held that the defendant therein "had actual notice of the suit and could have appeared for the limited purpose of challenging venue. Allowing a case to go to default judgment is no better than allowing a case to be tried on the merits before coming in with a technical defense," citing *Aiken v. Bynum,* 128 Ga. App. 212, 213 (2) (196 SE2d 180), and holding further that as the defendant was personally served no good cause was shown to have the judgment set aside.

As to the motion for new trial the trial court held that the evidence attached thereto fell short of showing "inadvertence or prevention by providential cause" with reference to the failure of defendant to answer and in allowing the case to go into default. Both motions were denied by order dated January 3, 1980, filed in the office of the clerk on January 8, 1980.

A notice of appeal was filed on January 30, 1980, and error is enumerated in this court that the judgment of the trial court filed October 24, 1979 (dated either October 10, 1979, or October 20, 1979), and the trial court's order denying the motion to set aside the judgment were in error. *Held:*

1. Notice of appeal was filed within 30 days of the denial of the motion for new trial. Hence the case is properly before this court for review. However, the judgment of October 24, 1979, was final and binding on the parties within 30 days of its rendition unless properly appealed. Accordingly the motion for new trial was not filed within the time prescribed by law. Code Ann. § 70-301 (Ga. L. 1965, pp. 18, 30; 1973, pp. 159, 167). Further, no transcript of evidence has been included in the record on this appeal. As this court must decide cases before it on the record submitted by the clerk of the trial court and not on the basis of factual assertions contained in the parties' briefs as to the trial transcript and the proceedings below, we must assume,

in the absence of a transcript of the evidence and proceedngs, that the judgment of the trial court is correct. The trial court did not err in denying the motion for new trial for the above reasons, and the judgment is final and binding unless it can be set aside for some nonamendable defect appearing on the face of the record or pleadings.

2. The defendant contends that exemplary damages and attorney fees have been awarded in an action ex contractu. It is noted here that the jury verdict was in a lump sum as follows: "Total Damage Fee including lawyers Fee to pay the sum of Forty Five Hundred Dollars." Thereafter the judgment was entered in the case involving "unliquidated damages" as stated by the court in the sum of $4,300. Although the original pleadings of the case may have suggested an action ex contractu, in the absence of a transcript of the evidence and proceedings we are unable to determine whether and in which of a myriad of ways the pleadings may have been amended at trial by the admission of evidence without objection, raising other issues and additional theories or causes of action. See in this connection Code Ann. § 81A-115 (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694); *McDonough Const. Co. v. McLendon Elec. Co.,* 242 Ga. 510, 514 (250 SE2d 424); *McLendon Elec. Co. v. McDonough Const. Co.,* 149 Ga. App. 115, 117 (253 SE2d 772).

The burden of showing harmful error rests on the party alleging error. *Shepherd v. Shepherd,* 225 Ga. 455, 457 (169 SE2d 314). In this case the defendant has failed to sustain this burden. Due to the possibility of amendment of the pleadings by operation of law during the trial of a case any enumeration of error requiring consideration of the transcript of the evidence, in the absence of such transcript, is not meritorious. No question is presented by this appeal upon which this court can review. See *Dunaway v. Beam,* 129 Ga. App. 220 (199 SE2d 395).

3. Any defenses arising from the failure of plaintiff to allege venue (none was set forth in the original complaint) and jurisdiction of the court were waived inasmuch as the defendant had actual notice of the suit after service and "could have appeared for the limited purpose of challenging venue." A waiver resulted. *Hatfield v. Leland,* 143 Ga. App. 528, supra. The motion to set aside the judgment is without merit.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED MAY 7, 1980 — DECIDED JUNE 19, 1980 —
REHEARING DENIED JULY 11, 1980.

*Nicholas C. Moraitakis, Robert H. Smalley, Jr.,* for appellant.
*William T. Johnson,* for appellee.

ADDENDUM.

A motion for rehearing filed in this case was denied on July 11, 1980. Thereafter, on July 15, 1980, additional record was received from the trial court in which the court by order dated July 2, 1980, and filed July 3, 1980, upon consent and stipulation of the parties, has corrected the trial court record with reference to the date of filing of the defendant's motion for new trial from the date shown on November 30, 1979, to November 19, 1979; that is, "within 30 days of October 24, 1979." Be that as it may, no change in Division 1 of our opinion is required, and the judgment remains affirmed. However, for the benefit of counsel and all concerned, this addendum is added to our opinion.