61982. HAGOOD et al. v. GARNER et al.

SHULMAN, Presiding Judge.

Plaintiffs appeal the grant of defendant James T. Barnes Mortgage Company's motion to dismiss for improper venue. We affirm.

Plaintiffs brought suit in Hall County against defendant, a foreign corporation, asserting venue under Code Ann. § 22-404 (c), which reads as follows: "For the purpose of determining venue, each domestic corporation and each foreign corporation authorized to transact business in this State shall be deemed to reside and may be sued on contracts in that county in which the contract sought to be enforced was made or is to be performed, *if it has an office and transacts business in that county . . .*" (Emphasis supplied.)

Plaintiffs do not contend that defendant had an office or transacted business in Hall County when suit was brought in that county. They argue that venue in Hall County was nonetheless proper by virtue of the fact that defendant *did* transact business and operate an office in Hall County when their cause of action arose.

1. We cannot agree with plaintiffs' interpretation of Code Ann. § 22-404 (c). That provision clearly states that a corporation will only be deemed to reside in a county if that defendant *has* an office and transacts business in the county. The defendant "has" no office in Hall County (nor do plaintiffs claim that defendant is currently transacting business in Hall County). The fact that defendant may have *had* an office does not therefore constitute grounds for venue. See *Padrick v. Kiser Co.,* 33 Ga. App. 15 (124 SE 901), which, although decided under Civil Code (1910) § 2259, is substantially similar to Code Ann. § 22-404 (c). See also *Lewallen v. Rogers,* 100 Ga. App 267 (2) (110 SE2d 596).

2. Plaintiffs contend that the contract upon which they were suing, which granted to the nonbreaching party 60 days within which

to bring suit for a wrongful termination of the agreement, provided venue in Hall County in that plaintiffs brought the instant action within that 60-day time period. In other words, plaintiffs argue that, under the contract, defendant waived a venue objection by impliedly transacting business for 60 days after a breach of the contract within Hall County. We disagree.

A waiver of improper venue simply cannot be implied from the contract provision relied upon by plaintiffs, which makes no reference to the provision's application to venue. See generally *Garcia v. Garcia,* 232 Ga. 869, 871 (209 SE2d 201), for disapproval of implied waivers.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JULY 14, 1981.

*Chris M. Streifender,* for appellants.
*R. Jeffrey Morrison, Ralph A. Pitts, A. Felton Jenkins, Jr.,* for appellees.