67815. FERRON et al. v. ANCLOTE PSYCHIATRIC CENTER, INC.

DEEN, Presiding Judge.

Anclote Psychiatric Center, Inc. brought suit against John E. Ferron and Richard E. Ferron alleging an unpaid balance on account at the Anclote Psychiatric Center in Pinellas County, Florida. The defendants were served two months later in Chatham County, Georgia, by a Chatham County deputy sheriff. An answer denying jurisdiction and a motion to dismiss for lack of jurisdiction were filed by a Georgia attorney. These pleadings were found to be a "nullity" by the Florida court because they were not signed by an attorney licensed to practice in that state and, upon motion, the court entered a default judgment in favor of Anclote. The plaintiff then filed suit in Chatham County, Georgia, to domesticate the foreign judgment. The defendants answered denying jurisdiction and sought to have the proceedings dismissed. Anclote moved for summary judgment at-

taching the default judgment and certification by the clerk and judge of the Florida trial court. Defendants filed a cross-motion or, in the alternative, a motion for judgment on the pleadings contending no jurisdiction had ever been obtained over the defendants in Florida and that service of process made under the Florida Long Arm Statute was void. The trial court granted Anclote's motion for summary judgment and denied the defendants'. *Held:*

The trial court found valid service of process under the Florida Long Arm Statute and held that Anclote fulfilled the requirements for domesticating a foreign judgment as provided in OCGA § 24-7-24 (Code Ann. § 38-627).

We find no error in the trial court's ruling. The requirements of OCGA § 24-7-24 (a) (Code Ann. § 38-627) were fulfilled as the court records were authenticated as required under that code section. Contrary to appellant's assertion, appellee is not required to meet the provisions of this code section and prove Florida law. OCGA § 9-11-43 (c) (Code Ann. § 81A-143 (c)) requires a party who intends to raise an issue concerning the law of another state to give notice in his pleadings . . . "or other reasonable written notice." See *Southeastern Metal Prods. v. Horger,* 166 Ga. App. 205 (303 SE2d 536) (1983); *Abruzzino v. Farmers' & Merchants' Bank,* 168 Ga. App. 639 (309 SE2d 911) (1983). The record shows that appellee attached to his motion the affidavit of the Florida attorney who handled the lawsuit in that state and he sets forth the Florida law that was relied upon. The issue of Florida law was therefore raised in the court below.

The Florida judgment shows that that court confirmed the existence of a contract for services to be performed within that state. FSA § 48.193 (1) (g) permits the Florida courts to obtain long-arm jurisdiction over a defendant "who breaches a contract in this state by failing to perform acts required by the contract to be performed in this state." Where the place for payment is not specified in the contract and the defendant fails to make payment pursuant to the contract, a breach is alleged to have occurred at the payee's address. Professional Patient Transportation v. Fink, 365 S2d 209 (1978); Madax Intl. Corp. v. Delcher Intercontinental Moving Service, 342 S2d 1082 (1977). The allegation in the petition that the defendants reside at 23 Sheridan Dr., Savannah, Ga. is sufficient to invoke long-arm jurisdiction under FSA § 48.193 (1) (g).

Accordingly, we find the trial court did not err in permitting the Florida judgment to be domesticated.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 1, 1984.

*Fred S. Clark,* for appellants.
*Charles C. Martin,* for appellee.