### 69437. G & H CONSTRUCTION COMPANY, INC. v. DANIELS FLOORING COMPANY, INC.
(325 SE2d 773)

BANKE, Presiding Judge.

This is an action by the appellant to domesticate a default judgment obtained in South Carolina in a suit to recover for the appellee's alleged breach of a construction contract. The appeal is from an order dismissing the action based on the South Carolina court's alleged lack of personal jurisdiction over the appellee.

After the South Carolina action went into default, it was referred to a special master for a determination of damages. The special

---

[1] *J. J. Newberry Co. v. Judd*, 259 Ky. 309 (82 SW2d 359) (1935).

master found that the appellee had been properly served in accordance with Section 15-9-245 of the South Carolina Code of 1976, as amended, and ruled that the appellant was entitled to recover damages in the amount of $6,269. The South Carolina court adopted the special master's recommendations and entered judgment in that amount.

The contract, which was executed at the appellee's office in Augusta, Georgia, was to be performed in Charleston, South Carolina. The appellee's president submitted an affidavit in support of the motion to dismiss the domestication action, averring that the appellee maintains no offices or agents outside of Georgia and that no labor or material was actually furnished under the contract due to a supplier's inability to supply the materials. The appellee asserted that the judgment was void both because insufficient facts were alleged in the South Carolina complaint to establish the court's jurisdiction over him and because insufficient contacts existed between the appellee and South Carolina to comport with basic due process. The trial court did not indicate upon which ground it granted the motion. *Held*:

1. We are aware of no authority for the proposition that, in order for a foreign judgment to be entitled to full faith and credit in this state, the complaint on which it was based must have alleged facts sufficient to establish the foreign court's jurisdiction over the defendant. There is certainly no such requirement under Georgia law. Although OCGA § 9-11-8 (a) (1) requires that a complaint filed pursuant to the Georgia Civil Practice Act must set forth the facts on which venue is predicated, a failure to plead such facts is generally held to be waived unless asserted by responsive pleading. See *Morgan v. Berry*, 152 Ga. App. 623 (263 SE2d 508) (1979); *Hatfield v. Leland*, 143 Ga. App. 528 (239 SE2d 169) (1977). Thus, once a default judgment has been entered in this state, the issue becomes not whether personal jurisdiction and venue were properly pled, but whether they in fact existed. Accord *Hatfield v. Leland*, supra. See generally OCGA § 9-11-60 (d). The case relied upon by the appellee, *Capital Bank of Miami v. Levy*, 151 Ga. App. 819 (3) (261 SE2d 722) (1979), does not constitute contrary authority, as the decision there was based on the existence of a controlling provision of Florida law. No analogous provision has been shown to exist under South Carolina law; nor as previously indicated, does such a result obtain under Georgia law. Cf. *Superior Fertilizer &c. Co. v. Warren*, 162 Ga. App. 595, 597 (292 SE2d 430) (1982). Thus, even assuming *arguendo* that insufficient jurisdictional facts were alleged in the South Carolina complaint, this alone would not render the judgment unenforceable in Georgia.

2. South Carolina's "long-arm" statute, which was properly brought to the Georgia court's attention in an affidavit submitted by the appellant, provides, in pertinent part, as follows: "(1) A court may

exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's . . . (b) contracting to supply services or things in the state; [or] . . . (g) entry into a contract to be performed in whole or part by either party in this state . . ." Section 36-2-803, S. C. Code of Laws of 1976, as amended. Since the construction contract sued upon in this case was to be performed by the appellee in South Carolina, it follows that the South Carolina court was statutorily authorized to assert personal jurisdiction over the appellee in an action to recover damages for its failure to perform. We reject the appellee's contention that the place of performance constituted an insufficient connection with South Carolina to satisfy the "minimum contacts" requirement set forth in *Intl. Shoe Co. v. State of Wash.*, 326 U. S. 310 (66 SC 154, 90 LE 95) (1945). See also *McGee v. Intl. Life Ins. Co.*, 355 U. S. 220, 223 (78 SC 199, 2 LE2d 223) (1957). As stated in *Gardner Engineering Corp. v. Page Engineering Co.*, 484 F2d 27, 32 (8th Cir. 1973), "it is apparent that the place of performance of a customized contract of this type is a contact of such quality as to support jurisdiction." Accord *Ferron v. Anclote Psychiatric Center*, 169 Ga. App. 699 (314 SE2d 714) (1984), holding that a contract for the performance of services by a psychiatric center in Florida was enforceable in that state against a Georgia resident who had purchased the services.

3. It is not disputed that the appellee was properly served in the South Carolina action pursuant to Section 15-9-245 of the South Carolina Code of Laws of 1976, as amended, by delivery of copies of the complaint and summons to the South Carolina Secretary of State and subsequent forwarding of the documents by the Secretary of State to the appellee by certified mail. Nor is it disputed that such substituted service upon a nonresident corporation was sufficient to satisfy the requirements of due process. It follows that the trial court erred in ruling that the South Carolina judgment was not entitled to full faith and credit.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED NOVEMBER 19, 1984 —
REHEARING DENIED DECEMBER 21, 1984 —

*J. Randolph Pelzer, Albert M. Pearson*, for appellant.
*Archie L. Gleason*, for appellee.