75167. SAVANNAH LAUNDRY & MACHINERY COMPANY, INC. et al. v. OWENBY.
(366 SE2d 787)

CARLEY, Judge.

Appellee-plaintiff filed this personal injury action against appellant-defendant, a dissolved Georgia corporation, and also against two non-resident corporations. Appellee brought his action in Effingham

County, the county wherein he had been injured, and also in Chatham County, the county wherein appellant had maintained its last registered office prior to its dissolution. Appellant filed a timely answer in the Effingham County proceedings and raised, among its other defenses, improper venue. Appellant subsequently filed a motion to dismiss the Effingham County action for improper venue or, in the alternative, to transfer the action to Chatham County pursuant to Uniform Superior Court Rule 19.1. Following a hearing, the trial court denied appellant's motion but granted a certificate for immediate review. This court granted appellant's petition for an interlocutory appeal in order to address an issue of apparent first impression to wit: What is the proper venue as to an action which is commenced against a Georgia corporation subsequent to its dissolution?

"[V]enue as to corporations, foreign and domestic, shall be as provided by law. . . ." Ga. Const. of 1983, Art. VI, Sec. II, Par. VI. Although OCGA § 14-2-293 provides for the post-dissolution survival of pre-dissolution claims against a corporation, that statute does not specifically address the issue of venue of such a survival action against a dissolved corporation. However, as a survival action, a suit which proceeds under OCGA § 14-2-293 is deemed to "proceed as if the dissolution . . . had never taken place." *Rosing v. Dwoskin Decorating Co.*, 141 Ga. App. 617, 618 (1) (234 SE2d 128) (1977). Had appellant's dissolution never taken place, the proper venue of a tort action against it would be determined under the general corporate venue provisions of OCGA § 14-2-63. Accordingly, the ultimate issue to be resolved in this case is which of the venue provisions of OCGA § 14-2-63 would be applicable to appellee's action on his pre-dissolution tort claim which he did not initiate against appellant until after its dissolution.

The determination of venue must be based upon the facts as they exist at the time that suit is initiated, not as the facts may have existed at some previous point in time. See generally *Hagood v. Garner*, 159 Ga. App. 289 (1) (283 SE2d 355) (1981); *Jernigan v. Patterson Contracting Co.*, 169 Ga. App. 963 (315 SE2d 679) (1984). It is clear that, based upon the facts as they existed at the time the present tort action was filed, venue would be proper in Chatham County. Subsection (b) of OCGA § 14-2-63 provides, in relevant part, that a corporation which fails to maintain a registered office may be sued in the county wherein "its last name registered office or principal office, as shown by the records of the Secretary of State, was maintained." Prior to appellant's dissolution, it maintained its registered office in Chatham County and venue of this action would, therefore, be proper in Chatham County if, as the result of appellant's dissolution, it was no longer maintaining that registered office at the time that appellee filed his complaint.

It is also clear, however, that the venue provisions of OCGA § 14-2-63 are cumulative and that subsection (b) of that statute is not necessarily the exclusive provision for establishing the proper venue of this action. Appellant urges that the trial court apparently found that venue of this action would also be proper in Effingham County pursuant to OCGA § 14-2-63 (d). That provision provides, in relevant part: "For the purpose of determining venue, each domestic corporation . . . shall be deemed to reside and may be sued for damages because of torts, wrong, or injury done, in the county where the cause of action originated, *if the corporation has an office and transacts business in that county*." (Emphasis supplied.)

At no time prior to the filing of this action did appellant have an office and transact business in Effingham County. After its dissolution, appellant was dissolved as a corporate entity and was not transacting any business whatsoever. OCGA § 14-2-293 merely provides for the post-dissolution survival of pre-dissolution claims against a corporation and that statute does not purport to confer any authority upon a dissolved corporation to engage in the transaction of any post-dissolution business. "While the phrase 'transacts any business' is not free of all ambiguity, the term 'business' is commonly understood as applying to dealings of a commercial, industrial, or professional nature." *Warren v. Warren*, 249 Ga. 130, 131 (287 SE2d 524) (1982). Prior to its dissolution, appellant did not engage in the initiation and defense of lawsuits *as its authorized business activity*. Appellant did so only by virtue of its general power as a corporate entity to initiate and defend legal claims which *did arise out of* the conduct of its authorized business. OCGA § 14-2-293 merely provides that appellant will still retain this general corporate power for a period after its dissolution and will for that period bear, in its corporate capacity, the legal consequences of the business that it had transacted prior to its dissolution. Thus, the obvious intent of OCGA § 14-2-293 is only to provide that dissolution will not abate legal claims by and against a corporation, just as death will not abate personal claims by and against an individual. See generally OCGA § 9-2-40 et seq. Accordingly, the trial court erred in construing the statute as authority for appellant to transact post-dissolution business. It necessarily follows that appellant also had no "office" in Effingham County at the time that this suit was filed even though certain *former* officer and shareholders of appellant may have had their residence in that county.

Pursuant to no provision of OCGA § 14-2-63 would venue of this tort action against appellant be proper in Effingham County. The trial court erred in denying appellant's motion to transfer this case to the appropriate court of Chatham County, the only county wherein venue of a tort action against appellant as a dissolved corporation would be proper. See generally *Brown v. Coastal Emergency Svcs.*,

181 Ga. App. 893, 898 (4) (354 SE2d 632) (1987).
*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 16, 1988 —
REHEARING DENIED MARCH 1, 1988 —

*Noble L. Boykin, Jr.*, for appellants.
*Roy E. Paul, Walter C. Hartridge, Edwin D. Robb, Jr.*, for appellee.