## A89A1904. DUFFY et al. v. THEATRICAL ELECTRONICS CORPORATION.
(388 SE2d 743)

McMurray, Presiding Judge.

Theatrical Electronics Corporation (plaintiff) filed an action in the State Court of Fulton County, Georgia, to domesticate a default judgment entered against James T. Duffy, d/b/a Cinema 'N' Drafthouse International, Inc., and Cinema 'N' Drafthouse International, Inc. (defendants) in the General Court of Justice, Superior Court Division, of Mecklenburg County, North Carolina. Defendants denied all allegations of the complaint and raised several defenses, including an allegation that the North Carolina court lacked personal jurisdiction over the defendants.

At a bench trial, plaintiff introduced evidence of North Carolina's long arm statute, which provides, in pertinent part, as follows: "A court of [North Carolina] having jurisdiction of the subject matter

has jurisdiction over a person . . . [i]n any action which . . . [a]rises out of . . . services actually performed for the defendant by the plaintiff within this State if such performance within this State was authorized or ratified by the defendant. . . ." North Carolina Gen. Stat. § 1-75.4 (5) (b).[1] Plaintiff also presented evidence showing that it provided specialized services to defendants in North Carolina at the direction of defendant Duffy, an officer of the corporate defendant, and that defendants' failure to pay for these services was the subject of the North Carolina lawsuit. The trial court found "that the North Carolina Court had personal jurisdiction of the defendants pursuant to the North Carolina long arm statute" and the trial court domesticated the North Carolina judgment, entering a judgment "in favor of the plaintiff and against [defendants] in the principal amount of $11,374.17, with interest in the amount of $3,501.70 thereon at eight percent per annum from June 21, 1985 to April 26, 1989, plus post judgment interest at the legal rate, plus Court costs." This appeal followed. *Held*:

Defendants contend in one enumeration that the trial court "erred in finding . . . that there were sufficient 'contacts' with the State of North Carolina by the defendants so as to 'trigger' the provisions of the North Carolina long arm statute. . . ." The contention is without merit.

The place of performance provision of North Carolina's long arm statute is sufficient "to satisfy the 'minimum contacts' requirement set forth in *Intl. Shoe Co. v. State of Wash.*, 326 U. S. 310 (66 SC 154, 90 LE 95) (1945). See also *McGee v. Intl. Life Ins. Co.*, 335 U. S. 220, 223 (78 SC 199, 2 LE2d 223) (1957). As stated in *Gardner Engineering Corp. v. Page Engineering Co.*, 484 F2d 27, 32 (8th Cir. 1973), 'it is apparent that the place of performance of a customized contract of this type is a contact of such quality as to support jurisdiction.' Accord *Ferron v. Anclote Psychiatric Center*, 169 Ga. App. 699 (314 SE2d 714) (1984), holding that a contract for the performance of services by a psychiatric center in Florida was enforceable in that state against a Georgia resident who had purchased the services." *G & H Constr. Co. v. Daniels Flooring Co.*, 173 Ga. App. 181, 182 (2), 183 (325 SE2d 773). Consequently, since the services contract sued upon in the case sub judice was the result of services provided to defendants in North Carolina, it follows that the North Carolina court was statutorily authorized to assert personal jurisdiction over defendants.

---

[1] "[T]he laws of other states, when properly authenticated and proved, 'shall have the same full faith and credit in every court within this state as they have by law or usage in the courts of such state. . . .' OCGA § 24-7-24 (a) (2). Compare *Borg-Warner &c. Prods. v. May*, 154 Ga. App. 482, 483-4 (2), (3) (268 SE2d 770) (1980)." *Tandy Computer Leasing v. Smith*, 186 Ga. App. 101, 102 (2), 103 (366 SE2d 417).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED NOVEMBER 21, 1989.

*David R. Wininger*, for appellants.
*Karl M. Terrell*, for appellee.