**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 26, 2013**

# In the Court of Appeals of Georgia

A13A0706. CHUNG et al. v. HAIR TREND USA, INC.

BARNES, Presiding Judge.

The trial court in this case granted summary judgment to Hair Trend USA, Inc. ("Hair Trend") in this suit on account, but because the appellants' motion to dismiss for lack of venue has not been ruled on, we vacate the order and remand the case for further proceedings consistent with this opinion.

Hair Trend filed an action for suit on an account against Koo Pil Chung and Mae Hwa Chung d/b/a Beauty Mart ("appellants") in the State Court of Sumter County on February 15, 2012. Hair Trend was unsuccessful in its attempt to serve the appellants in Sumter County. Thereafter, on March 21, 2012, it served the appellants

at an address in Douglas County.[1] The return of service reflected "notorious service" by serving "Patrick Lee - manager" at 5995 Fairburn Road in Douglasville. There is no indication as to whether the location was a business or residence, or why the complaint and summons were served at this address.

On April 20, 2012, the appellants answered and asserted as their first defense that venue was improper in Sumter County because they had been residents of Gwinnett County for approximately two years. On April 30, 2012, Hair Trend filed a motion for summary judgment in which it asserted that appellants had defaulted under the terms of the account and included an affidavit from its accounting manager reflecting a principal amount owed of $10,827.95, pre-judgment interest of $21.36, post-judgment interest "at the rate permitted by law, and court costs.". It did not address the issue of venue.

On May, 30, 2012, the appellants filed a motion to dismiss the complaint in which they argued that the original complaint had not "set forth facts establishing venue" and thus was subject to dismissal pursuant to OCGA § 9-11-8 (a) (2). Even though appellants had pled residence in Gwinnett County, Hair Trend responded on

_____

[1] It is unclear from the record how Hair Trend obtained the Douglas County address.

2

June 5, 2012 by filing a motion to transfer in which it conceded that venue was not properly in Sumter County and requested that the case be transferred to Douglas County because "defendant has residence in Douglas County." The trial court did not rule on the appellants' motion to dismiss. However, on June 6, 2012, the trial court granted Hair Trend's motion to transfer after noting that the appellants had not opposed the transfer within the 10 day period provided in Uniform Superior Court Rule 19. 1 (d). The record includes a summons from the Clerk of the Superior Court of Douglas County dated June 26, 2012, directing the appellants to answer "the complaint which is herewith served upon you, within 30 days after the service of the summons upon you" or risk a default judgment.

On September 21, 2012, the trial court entered an order granting Hair Trend's motion for summary judgment. The appellants filed a motion for relief from judgment maintaining that they were residents of Gwinnett County and thus not under the court's jurisdiction, and a hearing date was set. The motion for relief was filed on October 18, 2012, and a notice of appeal was subsequently filed on October 22, 2012. A note on a second copy of the order granting summary judgment stated to "hold fifa has court date for motion for relief." This appeal ensued.

We note preliminarily that a notice of appeal divests the trial court of jurisdiction to supplement, amend, alter, or modify the judgment while the appeal of that judgment remains pending. See OCGA § 5-6-46 (a); *Grant v. State*, 304 Ga. App. 133, 137-138 (2) (695 SE2d 420) (2010). Thus, appellant's October 22 notice of appeal divested the trial court of jurisdiction to supplement, amend, alter, or modify the order granting Hair Trend summary judgment while the appeal was pending in this Court. Specifically, the trial court was divested of jurisdiction to rule on the appellants' motion for relief from judgment.

On appeal, in three related enumerations, the appellants contend that the trial court erred in granting Hair Trend's motion for summary judgment because Hair Trend did not establish proper venue and thus there remained genuine issues of material fact as to the proper venue. They also argue that pursuant to OCGA § 9-11-8 (a) (2), Hair Trend was required to allege in its complaint facts establishing venue, and that it had not done so. The appellants contend that Hair Trend did not offer proper facts establishing venue in Sumter County, as alleged in the original complaint, or when the case was transferred to Douglas County. The appellants further contend that they have always maintained that venue was proper in the county of their residence, Gwinnett County.

4

Hair Trend asserts that the appellants waived the defense of venue by failing to respond to the motion to transfer the case to Douglas County, and that a "bare allegation of the [appellants'] residence" was sufficient to meet the requirements under OCGA § 9-11-8 (a) (2). Hair Trend also contends that the appellants' failure to respond to the motion for summary judgment and motion to transfer waived their venue defense; however, we have held that the failure to file a response to a motion for summary judgment pursuant to USCR 6.2 does not entitle the movant to a grant of the motion but, instead, may waive the opponent's right to present evidence in opposition to the motion. See *Neely v. Jones*, 264 Ga. App. 795 (592 SE2d 447) (2003). Because we find that the trial court prematurely granted Hair Trend's motion for summary judgment without first determining if venue was properly in its court, we vacate the judgment and remand the case back for a determination thereof.

A trial court without venue lacks authority to issue an order or judgment, and any such order or judgment is void. *First American Title Ins. Co. v. Broadstreet*, 260 Ga. App. 705, 707 (1) (580 SE2d 676) (2003). OCGA § 9-11-8 (a) (2) requires that the "original complaint shall contain facts upon which the court's venue depends . . ." Where the complaint fails to set forth facts establishing venue it is subject to dismissal. *Chancey v. Hancock*, 225 Ga. 715, 716 (171 SE2d 302) (1969).

Further,"[w]hen there has been no actual service, the judgment can successfully be collaterally attacked for lack of personal jurisdiction as void, because there has been no real default for failure to answer a complaint that was never served, and thus, OCGA § 9-11-12 (b) and affirmative defenses cannot be waived." (Citation omitted.) *Focus Healthcare Med. Ctr., Inc. v. O'Neal*, 253 Ga. App. 298, 299 (558 SE2d 818) (2002). Here, the facts do not show that actual service was made.

The original complaint filed in Sumter County states only that "venue is proper in this Court." The initial service attempt in Sumter County was made to "Koo Pil Chung d/b/a USA Beauty Mart" and "Mae Hwa Chung d/b/a USA Beauty Mart" at a street address in Americas, but the sheriff's entry indicates that it was a bad address. The next attempted service was made in Douglas County by notorious service to someone identified as a "manager," but nothing indicates whether the place was the residence, dwelling house, usual place of abode, or notorious place of abode of the defendants or the registered business location for the defendants.[2] See OCGA § 9-11-4 (e) (7) (service proper at defendant's dwelling house "with some person of suitable age and discretion then residing therein" or legal agent); OCGA § 9-11-4 (e) (1) (for

---

[2] In its motion to transfer, Hair Trend alleged that "the defendants have a residence in Douglas County."

corporation, service proper when made to "president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof.")

> Because the record does not show that the trial court ruled on or otherwise disposed of [the appellants'] timely motion to dismiss for improper venue, and it would be error for the trial court to enter a judgment against [the appellants] without having done so, we must vacate the trial court's order and judgment and remand this case to the trial court for proceedings not inconsistent with this opinion. See *Morgan v. Berry*, 152 Ga. App. 623, 624 (263 SE2d 508) (1979) (properly raised venue defense "not waived by the fact that the case was allowed to go to default judgment"); *Williams v. Willis*, 204 Ga. App. 328, 330 (419 SE2d 139) (1992) (trial court erred by ruling on motion for summary judgment before ruling on properly raised motion to transfer based upon improper venue).

*US Professionals, LLC v. Directlink India (P) Ltd.*, 247 Ga. App. 679, 680 (1) (545 SE2d 95) (2001).

*Judgment vacated and case remanded with instruction. Miller and Ray, JJ., concur.*

7