**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 26, 2015**

# In the Court of Appeals of Georgia

A15A0683. ROSS, et al. v. WATERS

MILLER, Judge.

Aprile B. Waters filed a medical malpractice suit against Dr. William A. J. Ross and Ross Orthopaedic Wellness Center, P. C., (collectively the "Defendants") in DeKalb County State Court. Thereafter, the Defendants filed a motion to dismiss for improper venue and a motion to dismiss because they allege the statute of repose was not tolled under the Servicemembers Civil Relief Act (SCRA). The trial court denied both motions. We granted the Defendants' application for interlocutory review and this appeal ensued. After a thorough review, we reverse because venue was improper in DeKalb County.

The record shows that on July 26, 2007, Waters received a left total hip arthroplasty by Dr. Ross at Ross Orthopaedic Wellness Center ("Ross Orthopaedic")

located in Dekalb County and having its registered office in Fulton County. After the surgery, Waters experienced severe pain in her left hip until October 2008, when she had another doctor perform a second surgery on her hip. Waters's expert, an orthopaedic surgeon, opined that the left total hip arthroplasty performed by Dr. Ross was not medically necessary and deviated from the required standard of care of orthopedic surgeons.

In July 2009, Waters filed a complaint for damages in Fulton County State Court against the Defendants alleging a claim of medical malpractice. On May 25, 2010, the case was stayed because Dr. Ross was beginning his military duty with the United States Army. The stay was lifted in June 2012, and the case was scheduled for trial on September 18, 2012. On September 14, 2012, Waters voluntarily dismissed her complaint. In the same month, Ross Orthopaedic was administratively dissolved.

On March 1, 2013, Waters filed a renewal action against the Defendants in DeKalb County State Court. Subsequently, the Defendants filed their motion to dismiss or transfer based on improper venue, arguing that venue was proper in Fulton County where Dr. Ross was domiciled and where Ross Orthopaedic had its registered office prior to its administrative dissolution. The Defendants also filed a motion to dismiss arguing that Waters's complaint was barred under the five-year statute of

repose for medical malpractice suits and that the statute of repose was not tolled by Dr. Ross's military service under the SCRA.

Following a hearing, the trial court found that venue was proper in DeKalb County because Ross Orthopaedic had its principal office in DeKalb County prior to its dissolution. The trial court also found that the plain and unambiguous text of § 526 (a) of the SCRA tolled the five-year statute of repose for medical malpractice suits under OCGA § 9-3-71 (b).

1. The Defendants contend that the trial court erred by denying their motion to dismiss/transfer venue to Fulton County. We agree.

> "In ruling on a motion to dismiss, the trial court must accept as true all well-pled material allegations in the complaint and must resolve any doubts in favor of the plaintff. We review the trial court's ruling de novo."

(Citations, punctuation and footnotes omitted.) *Roberson v. Northrup,* 302 Ga. App. 405 (691 SE2d 547) (2010).

"Suits against joint tortfeasors residing in different counties may be tried in either county." (Footnote omitted.) *Colony Bank Worth v. Caterpillar Fin. Servs. Corp.,* 281 Ga. App. 397, 398 (636 SE2d 119) (2006). Here, Dr. Ross is a resident of Fulton County, so the question of whether venue is appropriate in DeKalb County

requires this Court to look to the relevant statutory authority and case law involving venue for domestic corporations.

Under Georgia law, for the purpose of venue, a domestic corporation is deemed to reside in the county where its registered office or principal office is maintained, as shown by the records of the Secretary of State. OCGA § 14-2-510 (b) (1). In tort actions, venue will also lie in the county where the cause of action arose, provided the corporation has an office and transacts business in that county. OCGA § 14-2-510 (b) (3). "[T]he determination of venue must be based upon the facts as they exist at the time that suit is initiated, not as the facts may have existed at some previous point in time." (Citations omitted.) *Savannah Laundry & Machinery Co. v. Owenby,*186 Ga. App. 130, 131 (366 SE2d 787) (1988).

Here, while it is undisputed that the cause of action arose in DeKalb County, by March 2013, when Waters filed her renewal suit, Ross Orthopaedic had been administratively dissolved and no longer had an office or transacted business in DeKalb County. Consequently, venue lies where Ross Orthopaedic last maintained its registered office prior to dissolution, which was in Fulton County. See *Savannah Laundry,* supra, 186 Ga. App. at 132 (proper venue in suit against dissolved

4

corporation was county wherein dissolved corporation had its last registered office); see also OCGA § 14-2-510 (b) (3).

In its ruling on venue, the trial court relied upon former OCGA § 14-2-293, now amended as OCGA § 14-2-1410, which provides for the post-dissolution survival of pre-dissolution claims against a corporation. The trial court's reliance on former OCGA § 14-2-293 is misplaced, however, because that statute did not specifically address the issue of venue for a survival action against a dissolved corporation. See *Savannah Laundry,* supra, 186 Ga. App. at 131. Therefore, the trial court erred in denying the Defendants' motion to dismiss and in finding that venue was proper in DeKalb County.

Since venue did not lie in DeKalb County, the trial court did not have the authority to rule on the Defendants' motion to dismiss based on an expiration of the statute of repose. See *Chung v. Hair Trend USA*, 322 Ga. App. 429, 432 (745 SE2d 681) (2013) ("A trial court without venue lacks authority to issue an order or judgment, and any such order or judgment is void.") (citation omitted). Thus, we remand this case to the Dekalb County trial court with direction to transfer this case to Fulton County to address the merits of the Defendants' statute of repose argument. See *Coastal Transp., Inc. v. Tillery*, 270 Ga. App. 135, 140 (3) (605 SE2d 865)

(2004) ("Georgia's Constitution requires a court to transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere.").

2. Based on our holding in Division 1, we need not address the Defendants' second claim of error.

*Judgment reversed and case remanded with direction. Andrews, P. J., and Branch, J., concur*.