**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 2, 2018**

# In the Court of Appeals of Georgia

A18A1205. REPUBLIC TITLE COMPANY, LLC v. ANDREWS.

DILLARD, Chief Judge.

Annie Andrews filed an equitable petition to quiet title in the Superior Court of DeKalb County and named Matthew Callahan, Jr., Darlene Ray, and Republic Title Company, LLC ("RTC") as defendants. RTC filed an answer and a motion to dismiss, arguing that Andrews's petition was improperly brought in the county where the property was located rather than a county where any of the defendants resided. The trial court denied RTC's motion and, shortly thereafter, granted summary judgment in favor of Andrews. On appeal, RTC contends that the trial court erred in denying its motion to dismiss, again arguing that venue in DeKalb County was improper. For the reasons set forth *infra*, we agree and, thus, reverse the trial court's ruling granting

summary judgment to Andrews, vacate its ruling denying RTC's motion to dismiss, and remand the case for further proceedings consistent with this opinion.

The facts in this matter are largely undisputed. The subject property is located at 257 Norwood Avenue in a part of the city of Atlanta that is within DeKalb County. Annie Andrews claims that Clyde Andrews, Jr., conveyed title to the property to her via a quitclaim deed dated October 13, 2005. On July 18, 2017, Andrews filed what she characterized as a conventional quiet-title petition in the Superior Court of DeKalb County, seeking cancellation of deeds to secure debt held by Callahan, Ray, and RTC, which she alleged clouded her title to the property. Thereafter, Andrews served Ray at her address in Tulsa, Oklahoma; Callahan at his address in Fulton County; and RTC through its registered agent, C. T. Corporation, in Gwinnett County.

On September 27, 2017, RTC filed an answer,[1] in which it asserted that venue in DeKalb County was improper, and a motion to dismiss, in which it more specifically argued that venue was improper in DeKalb County because both of the resident defendants, Callahan and itself, were served in Fulton and Gwinnett

---

[1] Both Ray and Callahan filed answers in which they admitted to the allegations in Andrews's petition and consented to the relief sought.

Counties, respectively. One month later, Andrews filed a response, arguing, *inter alia*, that venue in DeKalb County was proper because under the Long Arm Statute, under which she served Ray, venue lay in the county in which the real property was located[2] and establishing venue as to one defendant was sufficient to establish it as to the remaining defendants.

A few weeks later, and prior to the trial court ruling on RTC's motion to dismiss, Andrews filed a motion for summary judgment. Subsequently, on December 14, 2017, the trial court issued a cursory order denying RTC's motion to dismiss, and on January 16, 2018, it granted summary judgment in favor of Andrews. This appeal follows.

In ruling on a motion to dismiss, the trial court must accept as true "all well-pled material allegations in the complaint and must resolve any doubts in favor of the plaintiff,"[3] but we review the trial court's ruling *de novo*.[4]

_____

[2] *See* OCGA § 9-10-93 ("Venue in cases under this article shall lie in any county wherein . . . the real property is located.").

[3] *Ross v. Waters*, 332 Ga. App. 623, 624 (1) (774 SE2d 195) (2015) (punctuation omitted).

[4] *See id*.

In its sole enumeration of error, RTC contends that the trial court erred in denying its motion to dismiss, arguing that Andrews's equitable petition to quiet title was improperly brought in the county where the property was located rather than a county where either of the two Georgia defendants resided. We agree that venue in DeKalb County was improper.

In order to quiet title to real property, one may seek relief under the procedures and standards for conventional *quia timet*, under OCGA § 23-3-40 *et seq.*, or under those for *quia timet* against all the world, under OCGA § 23-3-60 *et seq.*[5] Importantly, the contemplated procedures of the two proceedings are "entirely distinct from each other."[6] Specifically, OCGA § 23-3-40 provides:

> The proceeding quia timet is sustained in equity for the purpose of causing to be delivered and canceled any instrument which has answered the object of its creation or any forged or other iniquitous deed or other writing which, though not enforced at the time, either casts a cloud over the complainant's title or otherwise subjects him to future liability or present annoyance, and the cancellation of which is necessary to his perfect protection.

---

[5] *Vatacs Grp., Inc. v. U.S. Bank, N.A.*, 292 Ga. 483, 483 (1) (738 SE2d 83) (2013); *accord Patel v. Patel*, 342 Ga. App. 81, 90 (2) (a) (ii) (802 SE2d 871) (2017).

[6] *Patel*, 342 Ga. App. at 90 (2) (a) (ii).

4

As explicitly stated in the language of the statute, a conventional quiet-title action is an action "sustained in equity"[7] and, therefore, venue is controlled by Article VI, Section II, Paragraph III of the Georgia Constitution, which provides: "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed."[8]

In contrast, a quiet title action against the world is a proceeding "taken directly against property to establish title to the land."[9] The purpose of this action, as explained by our General Assembly,

> is to create a procedure for removing any cloud upon the title to land, including the equity of redemption by owners of land sold at tax sales, and for readily and conclusively establishing that certain named persons are the owners of all the interests in land defined by a decree entered in such proceeding, so that there shall be no occasion for land in this state

---

[7] *See* OCGA § 23-3-40.

[8] *See Johnson v. Red Hill Assocs., Inc.*, 278 Ga. 334, 335 (1) (602 SE2d 572) (2004) (holding that venue in a conventional quiet title action was controlled by Art. VI, § II, ¶ III of the Georgia Constitution, which required that equity cases be brought in the county where a defendant resides); *see also* OCGA § 9-10-30 ("All actions seeking equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is prayed . . . .").

[9] *Smith v. Ga. Kaolin Co., Inc.*, 264 Ga. 755, 755 (1) (449 SE2d 85) (1994).

to be unmarketable because of any uncertainty as to the owner of every interest therein.[10]

Essentially, a quiet-title action under this statute is in rem.[11] As a result, it is an action against "the underlying property, itself, and its purpose is to remove any and all clouds on the title of that property."[12] And under OCGA § 23-3-62 (a), "[t]he proceeding in rem shall be instituted by filing a petition in the superior court of the county in which the land is situated."[13]

Here, although Andrews filed her petition in the Superior Court of DeKalb County, where the property was undisputedly located, and claimed in the petition that venue was proper in that county because the property was located there,[14] her cause

---

[10] OCGA § 23-3-60; *see Smith*, 264 Ga. at 756 (2) ("The legislature enacted the 1966 Act to create an efficient and effective way to adjudicate disputed title claims."); *Heath v. Stinson*, 238 Ga. 364, 365 (233 SE2d 178) (1977) (noting that the 1966 Act creates an efficient, speedy, and effective means of adjudicating disputed title claims).

[11] *See TDGA, LLC v. CBIRA, LLC*, 298 Ga. 510, 512 (783 SE2d 107) (2016).

[12] *Id.*; *see* Black's Law Dictionary 797 (7th ed. 1999) (defining an "action in rem," as one in which "the named defendant is real or personal property").

[13] *See Smith*, 264 Ga. at 755-56 (1) (noting that, as an in rem proceeding, venue in a quiet-title action against the world is in the county in which the land is located).

[14] In support of her claim that venue is proper in DeKalb County, Andrew cites *Smith v. Georgia Kaolin Co., Inc.*, *see supra* note 9. But that case exclusively concerned a petition filed to quiet title against the world, and, indeed, is noteworthy

of action, nevertheless, constitutes a conventional quiet-title action, under OCGA § 23-3-40. In fact, in the sole count of the petition, Andrews expressly characterizes her petition as a "conventional quia timet." In addition, rather than framing her action as one against the property itself,[15] she named two individuals and RTC as defendants, asserted a cloud on her title resulting solely from the deeds held by these defendants, and sought cancellation of these specific instruments as her remedy. In summary, Andrews was not seeking to "establish superior title to all the world, but to remove clouds on the title in the form of specific instruments and liens, the cancellation of which is necessary to [her] perfect protection[.]"[16] Accordingly, the present action was "properly prosecuted as a conventional quia timet action."[17] And given these particular circumstances, the proper venue for Andrews's quiet title action was not DeKalb County, but rather, either of the counties where one of the resident

---

for Justice Fletcher's detailed explication of the history and purpose of the 1966 legislation that created the action. *See id.* at 755-57 (1), (2).

[15] *See supra* note 10.

[16] *Johnson*, 278 Ga. at 335 (2) (punctuation omitted); *see* OCGA § 23-3-40.

[17] *Id*.

defendants resided.[18] Consequently, as Andrews's petition "fails to set forth facts establishing venue it is subject to dismissal."[19]

On appeal, despite her petition specifically asserting that venue was proper because she was seeking to quiet title to property located in DeKalb County, Andrews now acknowledges that the proper venue for her conventional quiet-title action lies in the county of any one of the defendants. Nevertheless, she claims that venue in DeKalb County was still proper, arguing that RTC waived any contention that the facts as alleged in her petition did not establish venue by failing to specifically cite to OCGA § 9-11-8 (a) (2), which in part provides that "[a]n original complaint shall contain facts upon which the court's venue depends. . . ." We disagree.

OCGA § 9-11-12 (b) (3), in part, provides:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be

---

[18] *See id.* 335 at (1) (holding that venue of tax sale purchaser's conventional quiet-title action against several defendants was proper in county where several resided).

[19] *Barrow v. Gen. Motors Corp.*, 172 Ga. App. 287, 288 (1) (322 SE2d 900) (1984); *see Chancey v. Hancock*, 225 Ga. 715, 716 (171 SE2d 302) (1969) (holding that a complaint which fails to show facts establishing venue is subject to dismissal); *Chung v. Hair Trend USA, Inc.*, 322 Ga. App. 429, 432 (745 SE2d 681) (2013) (same).

asserted in the responsive pleading thereto if one is required, except that the following defenses may, at the option of the pleader, be made by motion in writing . . . Improper venue. . . .

Additionally, and particularly relevant to this matter, OCGA § 9-11-12 (h) (1) (B) further provides:

A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived . . . [i]f it is neither made by motion under this Code section nor included in a responsive pleading, as originally filed.[20]

Here, it is undisputed that RTC asserted the defense of improper venue based on the facts explicitly alleged in Andrews's petition in its answer and motion to dismiss. And it is not necessary to "set forth in a responsive pleading reasons why venue is improper, in order to assert the defense[.]"[21] Rather, it is only necessary that a

---

[20] *See also Agri-Cycle LLC v. Couch*, 284 Ga. 90, 91 (1) (663 SE2d 175) (2008) ("A defense based on improper venue must be brought to the attention of the trial court at the earliest opportunity to plead." (punctuation omitted)).

[21] *Coastal Transp., Inc. v. Tillery*, 270 Ga. App. 135, 136 (1) (605 SE2d 865) (2004) (punctuation omitted); *accord Orkin Exterminating Co. v. Morrison*, 187 Ga. App. 780, 782 (3) (371 SE2d 407) (1988).

defendant make reference to venue.[22] Thus, RTC did not waive its defense of improper venue.[23]

In a somewhat related argument, Andrews also contends that RTC failed to meet its evidentiary burden of proving lack of venue.[24] This argument is a nonstarter. Setting aside the fact that Andrews's petition explicitly asserts a legally erroneous basis for venue,[25] RTC specifically contended in its motion to dismiss that venue was proper in either of the counties where the resident defendants resided (*i.e.*, Fulton or Gwinnett Counties), and in support cited the sheriff's entries of service in the record indicating that Andrews served the defendants in those counties. Accordingly, RTC met its burden of showing that venue in DeKalb County was improper.[26]

---

[22] *Coastal Transp., Inc.*, 270 Ga. App. at 136 (1).

[23] *See id.* (holding that answer stating as affirmative defense that venue is improper without naming proper county was sufficient to raise issue concerning venue).

[24] *Cooper v. Edwards*, 235 Ga. App. 48, 49 (508 SE2d 708) (1998) (holding that "[o]ne claiming lack of venue has the burden of proving it.").

[25] *See supra* note 17.

[26] *See M & M Mortg. Co., Inc. v. Grantville Mill, LLC*, 302 Ga. App. 46, 47 (1) (690 SE2d 630) (2010) (holding that venue may be proper in the county where corporate defendant's registered agent for service of process was located); *Coastal Transp., Inc.*, 270 Ga. App. at 140 (3) (same).

Finally, Andrews further claims that the trial court's grant of summary judgment in her favor cured any potential amendable defect in her petition regarding venue, citing *C.E. Morgan Building Products, Inc. v. Safe-Lite Manufacturing, Inc.*,[27] in support. But in that case, the Supreme Court of Georgia held that the amendable defect of failing to verify a petition for a writ of possession was cured by the judgment only because "the parties went to trial on the merits of the plaintiff's petition for writ of possession without the defendant's raising any objection concerning the plaintiff's failure to verify the petition until appeal."[28] Here, in stark contrast, RTC did not waive its defense of improper venue but asserted this defense in both its answer and motion to dismiss.[29] Accordingly, the trial court's grant of

---

[27] 244 Ga. 475 (260 SE2d 870) (1979).

[28] *Id.* at 475.

[29] We note that as part of Andrews's above-referenced claim in this regard, she also cites *Middlebrooks v. Daniels*, 129 Ga. App. 790 (201 SE2d 338) (1973) and *Hatfield v. Leland*, 143 Ga. App. 528 (239 SE2d 169) (1977) as supporting authorities. Neither case has any relevance here. In *Middlebrooks*, we merely held that the plaintiff's allegation as to venue in the petition could be amended. *See* 129 Ga. App. at 790. But RTC has not claimed otherwise and, regardless, it does not appear that Andrews attempted to do so. In *Hatfield*, this Court uncontroversially held that venue could be waived and that defendant's failure to appear constituted such a waiver. *See Hatfield*, 143 Ga. App. at 528. As we have already explained, no such waiver occurred in this case.

summary judgment in favor of Andrews did not cure the defect of improper venue or preclude RTC from seeking appellate review of the trial court's denial of its motion to dismiss pertaining to that issue.[30]

For all these reasons, we reverse the trial court's grant of summary judgment in favor of Andrews,[31] vacate its denial of RTC's motion to dismiss for improper venue, and remand the case for further proceedings consistent with this opinion.[32]

*Judgment reversed in part, vacated in part, and case remanded. Doyle, P. J., and Mercier, J., concur.*

---

[30] *See* OCGA § 5-6-34 (d) ("Where an appeal is taken under any provision of subsection (a), (b), or (c) of this Code section, all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere."); *see also Pierce v. Wendy's Int'l, Inc.*, 233 Ga. App. 227, 228 (1) (504 SE2d 14) (1998) (holding that having filed a notice of appeal from the grant of summary judgment, appellant could also appeal the trial court's earlier order denying appellant's motion to strike).

[31] *See Chung*, 322 Ga. App. at 432 ("A trial court without venue lacks authority to issue an order or judgment, and any such order or judgment is void.").

[32] *See Tillery*, 270 Ga. App. at 140 (3) ("Even when a party moves to dismiss a complaint due to improper venue, the appropriate response is to transfer the case."); *see also* Ga. Const. Art. VI, § 1, ¶ VIII; Unif. Sup.Ct. R. 19.1 (B).