**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 26, 2020**

# In the Court of Appeals of Georgia

A19A1703. REPUBLIC TITLE COMPANY, LLC v. ANDREWS.

McFADDEN, Chief Judge.

This appeal asks, when a case in which there is a pending summary judgment motion is transferred from one superior court to another for venue purposes, whether the movant must renew the motion and the transferee court must allow the nonmovant a second opportunity to respond and be heard before the transferee court may rule on the motion. The answer is no. We therefore affirm the trial court's grant of summary judgment in this case.

1. *Procedural history.*

Annie Andrews filed in the Superior Court of DeKalb County a petition to quiet title. Some of the respondents acquiesced to the relief sought. But Republic Title Co., LLC moved to dismiss the petition on the ground of improper venue, and

Andrews moved for summary judgment. The DeKalb County court denied Republic's motion to dismiss and granted summary judgment to Andrews. It appears from the record that Republic neither responded to nor requested a hearing on the summary judgment motion during this period.

Republic appealed these rulings, and in *Republic Title Co. v. Andrews*, 347 Ga. App. 463 (819 SE2d 889) (2018), we agreed with Republic that venue in DeKalb County was improper. So we reversed the grant of summary judgment, vacated the denial of the motion to dismiss, and remanded the case to the trial court for further proceedings. Id. at 468-469.

On remand, the DeKalb County court entered an order vacating his earlier summary judgment order, vacating his order denying the motion to dismiss, holding that he would treat the motion to dismiss as a motion to transfer venue, and transferring the case to the Superior Court of Fulton County. See *Coastal Transp. v. Tillery*, 270 Ga. App. 135, 140 (3) (605 SE2d 865) (2004) ("Even when a party moves to dismiss a complaint due to improper venue, the appropriate response is to transfer the case.") (emphasis omitted). Several months after the case was transferred, the Fulton County court granted summary judgment to Andrews.

2. *Summary judgment ruling.*

Republic argues that, before the Fulton County court could rule on the summary judgment motion, Andrews was required to renew the motion and Republic was required to have an opportunity to respond to it and request a hearing. But the rules governing case transfers authorized the Fulton County court to rule on the summary judgment motion.

"The Georgia Constitution provides: 'any court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere.' Ga. Const. of 1983, Art. VI, Sec. I, Par. VII. This constitutional mandate was implemented in the Uniform Transfer Rules, enacted in 1984." *Atlanta Empowerment Zone Corp. v. Light Energy Mgmt.*, 269 Ga. App. 728 (605 SE2d 124) (2004) (citation omitted). See Uniform Transfer Rules, 251 Ga. 893, 893-895 (1984). Uniform Superior Court Rule 19.1 also mandates transfers among superior courts, "including the specific procedures for a transfer." *Atlanta Empowerment Zone Corp.*, supra.

Rule T-13 of the Uniform Transfer Rules provides that, upon a transfer, "[t]he case shall continue in the court to which transferred *as though initially commenced there*[.]" (Emphasis supplied.) Uniform Superior Court Rule 19.1 (I) contains similar language. Under these rules, a transferee court has the same authority to act upon a

3

pending motion for summary judgment as had the transferor court. See generally *Cook Pecan Co. v. McDaniel*, 337 Ga. App. 186, 189-190 (2) (786 SE2d 852) (2016) (applying principle that case shall continue as though originally commenced in transferee court in review of summary judgment ruling).

At the time this case was transferred, Andrews's motion for summary judgment was pending and ripe for review. Although the DeKalb County court earlier had ruled on the motion, when we reversed that ruling for lack of venue we rendered it a nullity. "A trial court without venue lacks authority to issue an order or judgment, and any such order or judgment is void." *Chung v. Hair Trend USA*, 322 Ga. App. 429, 432 (745 SE2d 681) (2013). And a judgment that is "void for any . . . cause is a mere nullity[.]" OCGA § 17-9-4. So at the time of the transfer, a summary judgment motion had been filed and the time period for a response or request for a hearing had passed, but the motion had not yet been ruled upon. Because the rules governing transfer required the Fulton County court to treat the case as if that summary judgment motion had been filed in Fulton County, the Fulton County court could rule on the motion.

We find no merit in Republic's argument that our decision in *Morrison v. Morrison*, 299 Ga. App. 758 (683 SE2d 696) (2009), requires a different result. Unlike this case, there was no pending summary judgment motion in *Morrison*.

4

Instead, our Supreme Court had reversed an earlier grant of summary judgment on the merits. *Morrison v. Morrison*, 284 Ga. 112 (663 SE2d 714) (2008). See generally *Rose v. Household Fin. Corp.*, 316 Ga. App. 282, 286 (2) (728 SE2d 879) (2012) ("There is a distinction between void and erroneous, as used with reference to acts from a judicial body[.]") (citation and punctuation omitted). On remand, the trial court again granted summary judgment, apparently on different grounds. See *Morrison*, 299 Ga. App. at 760 (1). On appeal from this second grant of summary judgment, we agreed with the appellants' contention "that the trial court erred in granting summary judgment without notice *or a pending motion*." Id. at 760 (2) (emphasis supplied). So we remanded the case

> with instructions that, *if either party moves again for summary judgment*, the trial court shall give the opposing party at least thirty days during which to file additional evidence, then schedule a hearing, and then by order or judgment attempt to narrow the issues, if any, for jury determination, and to decide those issues which are matters of law for the court.

Id. at 761 (2) (emphasis supplied).

Here, in contrast, there was a pending motion for summary judgment before the Fulton County court, as explained above. Unlike *Morrison*, this is not a case where

5

the summary judgment ruling should have come as a surprise. So the directions we gave to the trial court on remand in *Morrison* are not applicable here.

*Judgment affirmed. McMillian, P. J., and Senior Appellate Judge Herbert E. Phipps concur*.